**In re COMMITMENT OF Don DAVIS, Jr.**

No. 09–08–00124–CV.

Court of Appeals of Texas, Beaumont.

Submitted April 9, 2009.

Decided June 25, 2009.

---

George W. Lang II, State Counsel for Offenders, Huntsville, for appellant.

Gregg Abbott, Atty. General, Marc Rietvelt, Asst. Atty. General, Austin, for appellee.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Don Davis, Jr. appeals an order modifying a judgment committing Davis as a sexually violent predator ("SVP"). In four issues, Davis contends: (1) the trial court erred in permitting the Council on Sex Offender Treatment (the "Council"), a state agency not authorized by statute to sue or be sued, to intervene as a party in the commitment action; (2) if construed to grant the Council unrestricted discretion in imposing conditions on civilly committed individuals, Chapter 841 of the Texas Health and Safety Code is an unconstitutional delegation of legislative authority under Article II, Section 1 of the Texas Constitution; (3) if the Council had standing in these proceedings, the trial court abused its discretion in refusing to join the Council as a party to the suit; and (4) if the Council is recognized as a distinct legal entity, the trial court erred in permitting the Council to intervene because the Council could not have brought the action in its own name.

The State, acting through the Special Prosecution Unit—Civil Division, filed its original petition to commit Davis as a sexually violent predator, or SVP, in June 2007. Davis filed a pre-trial motion for "Joinder of Persons Needed for Just Adjudication" in which he sought to join the Council on Sex Offender Treatment as a third-party defendant, alleging that the

State Prosecuting Attorney lacked authority to control the case without the Council's approval. The Council filed an answer and a motion to dismiss. The trial court dismissed the Council on September 5, 2007.

The trial court signed an agreed final order of commitment on October 17, 2007. The judgment required that Davis "participate in and comply with a specific course of treatment[.]" The judgment ordered that a treatment plan be developed by the treatment provider with the approval of the Council.

On November 14, 2007, Davis filed a motion to modify the judgment. In his motion, Davis complained that he was not provided fair notice of the specific treatment plan he is required to follow, and complained of two items on his proposed treatment plan, namely, the requirement that he not possess or display pictures of children without prior approval from the case manager and treatment provider, and that he agree to audio or video recording of his sessions.

On January 9, 2008, the Council on Sex Offender Treatment filed a motion to modify the final judgment that sought to modify Davis's commitment requirements by requiring Davis to participate in and comply with a specific course of treatment determined by the Council on Sex Offender Treatment or Davis's case manager.[1]

The trial court conducted a hearing on both motions. The Council's representative at the hearing suggested that Davis's motion was premature because his treatment program would not be developed and individualized until Davis's release from prison, approximately six months after the date of the hearing. The Council suggested the judgment should specify that the

Council was the entity that would determine the specific course of treatment Davis would be required to follow. In a brief filed with the trial court, Davis argued that the Council lacks standing to file a motion to modify the commitment order. Davis also argued that the proposed change was redundant because language elsewhere in the order required that a treatment plan be developed. On February 11, 2008, the trial court signed a "Modified Final Judgment and Order of Civil Commitment" that required Davis to "participate in and comply with a specific course of treatment as determined by the Council on Sex Offender Treatment[;]" and "follow the appropriate written supervision requirements of the CSOT (Council on Sex Offender Treatment) and/or the Case Manager[.]"

■ In his first issue, Davis contends the Council is simply an agency of the State of Texas, not empowered to sue or be sued and thus lacking standing to file and present a motion to amend the judgment of civil commitment. The Council is within the Texas Department of State Health Services. *See* Tex. Occ.Code Ann. § 110.051 (Vernon Supp. 2008). "The Council on Sex Offender Treatment is responsible for providing appropriate and necessary treatment and supervision through the case management system." Tex. Health & Safety Code Ann. § 841.007 (Vernon Supp. 2008). The provisions for implementing the Council's duties are located in Chapter 810 of the Texas Administrative Code. *See* 22 Tex. Admin. Code §§ 810.1–810.275 (2009). The Council contracts for treatment and supervision service providers. *See* 22 Tex. Admin.Code

---

1. The judgment required Davis to "participate in and comply with a specific course of treatment[.]" The Council requested the order be changed to require Davis to "follow appropriate written supervision requirements of the Council on Sex Offender Treatment and/or the case manager."

§ 810.181. A case manager is a person employed by or under contract with the Council to perform duties related to outpatient treatment and supervision of a person committed under Chapter 841. Tex. Health & Safety Code Ann. § 841.002(3) (Vernon Supp. 2008). A case manager reports directly to the Council through the Council's executive director or the director's designee, and is authorized to communicate with law enforcement, prosecutors, and the judge having jurisdiction over the person's commitment, and to make recommendations to the judge concerning whether to allow a change of the committed person's residence or "any other appropriate matters" relating to the SVP's civil commitment. *See* Tex. Health & Safety Code Ann. § 841.083(e) (Vernon Supp. 2008); 22 Tex. Admin. Code § 810.182. Thus, the statutory and administrative mechanism for SVP commitments contemplates communication between the judge and the Council through the Council's agent. There is, however, no provision in either Chapter 841 of the Health and Safety Code or Chapter 810 of the Texas Administrative Code for the Council to participate as a party in a commitment proceeding. Rather, the parties to the commitment proceeding are the State, acting through the civil division of the Special Prosecution Unit, and the committed person, represented in this instance by the State Counsel for Offenders. The Council's function is not adversarial, but is administrative and regulatory. *See* Tex. Occ. Code Ann. § 110.151 (Vernon Supp. 2008).[2]

Davis argues that the Council, by filing a motion through its assistant general counsel, "was in fact initiating legal action" without the consent of the Attorney General. In this case, however, the legal action is the commitment proceeding that was initiated through the civil division of the Special Prosecution Unit, which is by statute responsible for initiating and pursuing civil commitment proceedings under Chapter 841. *See* Tex. Health & Safety Code Ann. § 841.004 (Vernon Supp. 2008). The Special Prosecution Unit participated in the hearing that resulted in the order from which Davis has appealed. Furthermore, the trial court retains jurisdiction over the committed person, and the requirements imposed in an order of commitment "may be modified at any time after notice to each affected party to the proceedings and a hearing." Tex. Health & Safety Code Ann. § 841.082(d), (e) (Vernon Supp. 2008). The trial court retained both personal jurisdiction over Davis and subject matter jurisdiction over the civil commitment regardless of the presence or lack of authority for the Council to file a formal motion in district court. *See id.* Because the trial court retains jurisdiction and the power to modify the commitment requirements at any time, the trial court could do so regardless of whether the Council (or the State through counsel for the Council) lacked standing to file formal pleadings in the case.

■ Having determined that the trial court had the authority to modify the order committing Davis to out-patient treatment and supervision, we must determine whether our appellate jurisdiction extends to this appeal. The trial court modified

---

**2.** Section 110.151, Texas Occupations Code, provides as follows:

The council shall: (1) develop treatment strategies for sex offenders by evaluating in-state and out-of-state programs for sex offender treatment; (2) set standards for treatment of sex offenders that must be met by sex offender treatment providers to be eligible for a license under this chapter; and (3) recommend to licensing and regulatory boards and to the directors of current programs methods of improving programs to meet council standards.

that part of the judgment that imposed the commitment requirements set forth in Section 841.082(a) of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.082(a). Those requirements may be modified at any time, upon notice and a hearing. TEX. HEALTH & SAFETY CODE ANN. § 841.082(e). We considered a similar issue when a committed person filed notice of appeal from a commitment order signed following biennial review of the order of commitment. *See In re Commitment of Richards*, 202 S.W.3d 779, 785 (Tex.App.-Beaumont 2006, pet. denied). In *Richards*, the trial court modified the order from requiring that Richards reside in Harris County to requiring that he reside in a halfway house in Harris County. *Id.* at 784. The modification in *Richards* concerned the requirement found in section 841.082(a)(1). *See* TEX. HEALTH & SAFETY CODE ANN. § 841.082(a) ("The requirements shall include: (1) requiring the person to reside in a Texas residential facility under contract with the council or at another location or facility approved by the council[.]"). Because the trial court retained jurisdiction over Richards's case and the order could be amended upon notice and hearing, we held that the biennial review order did not finally dispose of Richard's complaint regarding where he is to reside. *Richards*, 202 S.W.3d at 786. We dismissed Richards's appeal from the modified order of commitment.

Here, the modification concerns the requirement found in Section 841.082(a)(4). *See* TEX. HEALTH & SAFETY CODE ANN. § 841.082(a) ("The requirements shall include: ... (4) requiring the person's participation in and compliance with a specific course of treatment[.]"). Both this case and *Richards* concern a judgment modifying one of the mandatory requirements for commitment of a sexually violent predator. Two features distinguish *Richards* and this case. In *Richards* the trial court modified

the commitment terms following the biennial review. *Richards*, 202 S.W.3d at 782; *see* TEX. HEALTH & SAFETY CODE ANN. § 841.102 (Vernon 2003). Here, the modified judgment was signed 117 days after the trial court first signed an order of commitment. In *Richards*, the modified order lacked unmistakable language of finality. *Richards*, 202 S.W.3d at 786. Here, the modified judgment contains unmistakable language of finality, to wit: "This [is] a FINAL JUDGMENT as contemplated in *Lehmann v. Har-Con [Corp.]*, 39 S.W.3d 191 (Tx.2001)."

Significant in our analysis in *Richards* was the fact that Chapter 841 does not expressly provide for appealing a biennial review order. *Richards*, 202 S.W.3d at 784, 786. We found it significant that Richards only challenged the trial court's decision to modify a commitment requirement and did not challenge the trial court's probable cause determination. *Id.* We noted that the trial court could amend its order at any time without conducting a conventional trial. *Id.* at 785. Finally, we noted the lack of statutory language giving a committed person the right to appeal a modified order. *Id.* at 786. These considerations are replicated in this case. Chapter 841 does not expressly provide for appealing from the modification of the judgment, Davis challenged only the modification of one of the commitment requirements and does not contend he is entitled to release, and the trial court did not conduct a conventional trial.

This case presents features that are generally appealable and were not present in *Richards*. In *Richards*, we noted that the biennial review order lacked language indicating the trial court's intention that it function as a final judgment. *Id.* at 786. In Davis's case, however, the trial court did expressly state that it intended that the order function as a final judgment.

*See Lehmann,* 39 S.W.3d at 200 ("But if that intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment."). The judgment also maintains the language from the original judgment, including the recitation of the October 17, 2007, trial date and the stipulation of evidence from the trial. Furthermore, the trial court neither added nor deleted a substantive requirement to its order, but reworded a requirement found in the original judgment to clarify that the specific course of treatment Davis was required to comply with is the treatment plan developed by the Council and ordered elsewhere in the judgment. Thus, the modified order functions more like a judgment *nunc pro tunc* than the biennial review order, the purpose of which was to continue the term of the commitment. If the trial court modifies its judgment, the time for appeal runs from the time the modified judgment is signed, but no complaint may be heard on appeal that could have been presented in an appeal from the original judgment. *See* Tex.R. Civ. P. 329b(h); *see also Clare Constat, Ltd. v. Swinburn,* No. 07–04–0277–CV, 2006 WL 708232, at *1 (Tex.App.-Amarillo Mar. 20, 2006, pet. denied). We conclude that Davis's notice of appeal invokes our appellate jurisdiction regarding the modification of the original judgment.

■ Davis contends the trial court erred in allowing the Council to "intervene as a separate and distinct party to this action." This commitment proceeding was brought by the civil division of the Special Prosecution Unit, in accordance with Section 841.004. *See* Tex. Health & Safety Code Ann. § 841.004. Pursuant to Section 841.082, the trial court retained jurisdiction over Davis and was statutorily authorized to modify the requirements imposed by the commitment judgment. Tex. Health & Safety Code Ann. § 841.082(d),(e) (Vernon Supp. 2008). A trial court may reconsider an order as long as a case is still pending. *See generally In re Baylor Med. Ctr. at Garland,* 280 S.W.3d 227, 228 (Tex.2008). Because the trial court retained both personal jurisdiction over Davis and subject matter jurisdiction over the civil commitment and the parties received notice of the proposed modification and were provided an opportunity to be heard, the trial court did not commit reversible error when it modified the judgment. The presence or lack of authority for the Council to file a formal motion in district court had no effect on either the trial court's decision-making authority or its decision to modify the order. We overrule issue one.

■ In his second issue, Davis contends Chapter 841 is an unconstitutional delegation of legislative authority. *See* Tex. Const. art. II, § 1; Tex. Const. art. III, § 1. Davis did not present his separation of powers challenge to the trial court. Accordingly, the issue is not preserved for appellate review. Tex.R.App. P. 33.1. We overrule issue two.

Davis's third issue argues that, if the Council has the standing to pursue a motion to modify the judgment, then the trial court abused its discretion in refusing Davis's request to join the Council as a party. Davis filed his request to join the Council before the trial court signed the original judgment in the case. Therefore, the issue is one that could have been raised on appeal from the judgment signed October 17, 2007. Because Davis did not appeal that judgment, no complaint may be heard on appeal that could have been presented in an appeal from the original judgment. Tex.R. Civ. P. 329b(h). We overrule issue three.

Davis's final issue contends the trial court erred in permitting the Council to intervene after Davis's initial commitment to outpatient sex offender treatment. Citing *First Alief Bank v. White*, Davis argues that the motion, having been filed after judgment, was filed too late to effectively bring the Council into the case. *See First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex.1984). In *First Alief Bank*, the subsequent purchasers of a home subject to a notice of *lis pendens* filed a petition in intervention in a suit after the judgment became final and a writ issued on an attachment lien. *Id.* at 251. The trial court heard the motion and set aside that part of the judgment that foreclosed on the attachment lien. *Id.* at 252. The Supreme Court held the trial court both erred in modifying its judgment after its plenary power expired and erred in permitting a plea in intervention to be filed before the judgment had been set aside. *Id.* In this case, the Council filed the motion while the trial court retained its plenary jurisdiction over the judgment. Although the trial court had not set aside its prior judgment when Council moved to modify the judgment, this case concerns a special statutory procedure established by Chapter 841 of the Health and Safety Code. The applicable statute allows the trial court to modify the requirements of the commitment at any time. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.082(e). The trial court gave the parties notice and an opportunity to be heard, as required by the statute. *Id.* We hold the trial court did not abuse its discretion. We overrule issue four and affirm the judgment.

AFFIRMED.