In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00393-CV

_____

IN RE COMMITMENT OF CURTIS LEE ADAMS

_____

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 01-10-06658 CV

_____

OPINION

In an appeal from an order entered in a sexually-violent-predator proceeding, we are asked to address whether we possess appellate jurisdiction over a 2012 order, which changed the entity that was in charge of approving where Curtis Lee Adams resides from the Council on Sex Offender Treatment[1] to the Office of Violent Sex Offender Management,[2] by altering a 2002 final commitment order, as

_____

[1]CSOT is a division within the Department which administers state health services. *See* Tex. Occ. Code Ann. § 110.051(a) (West 2012).

[2]OVSOM is a state agency. *See* Tex. Gov't Code Ann. § 420A.002(a) (West 2012).

modified by a 2010 order. We conclude the trial court's 2012 order is not appealable; we also conclude that mandamus relief on the issues Adams raises is not warranted. Accordingly, we dismiss the appeal for lack of jurisdiction.

In 2002, after Curtis Lee Adams was found to be a sexually violent predator, the trial court rendered a final judgment requiring that Adams reside in Travis County, Texas. In 2010, the trial court entered an order that modified the 2002 judgment by requiring Adams to "reside in a Texas residential facility under contract with the [CSOT] or at another location or facility approved by the [CSOT]." In 2011, the Legislature transferred the responsibility for treating sexually violent predators to the newly created OVSOM.[3] In 2012, the trial court modified the commitment order to require that Adams "reside in a Texas residential facility under contract with the [OVSOM] or at another location or facility approved by the OVSOM." Seeking to appeal the 2012 order, Adams filed a notice of appeal after the trial court rendered the 2012 order.

In 2012, the OVSOM requested that the trial court modify the terms of Adams' commitment order. Adams objected to the OVSOM's proposed

---

[3]*See* Act of May 30, 2003, 78th Leg., R.S., ch. 347, § 16, 2003 Tex. Gen. Laws 1505, 1514, amended by Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 3, 2011 Tex. Sess. Law Serv. 3197, 3199 (current version at Tex. Health & Safety Code Ann. § 841.002(4) (West Supp. 2012)). We refer to the agencies and the program by their acronyms throughout this opinion.

modification of the order; he also requested that the trial court set aside the decision it made in 2010 modifying Adams' final commitment order. A separate motion, jointly filed with forty-five incarcerated persons who are currently serving prison sentences for violating the terms of their respective commitment orders, asked that the trial court require the OVSOM to provide the individuals in the group with sex offender treatment while they were incarcerated or to order terminate respective final commitment orders in their respective cases. Counsel for that group, who was also representing Adams, asked that the group's motion be heard with the OVSOM motion. However, the record before us does not show that the trial court expressly ruled on the group's jointly-filed motion.

In July 2012, the trial court granted the OVSOM's motion; it signed an order stating that "The Respondent, Curtis L. Adams shall reside in a Texas residential facility under contract with the [OVSOM] or at another location or facility approved by the OVSOM." In August 2012, counsel representing the group of incarcerated individuals asking for treatment, a group that included Adams,[4] filed a motion for a new trial or for a rehearing, asking that the group's motion be heard.

---

[4]Adams is incarcerated for violating SVP commitment requirements. *See* Tex. Health & Safety Code Ann. § 841.085 (West 2010). The date Adams is projected to be released from prison is March 28, 2016. The duties imposed by the commitment order are suspended during his incarceration. *See* Tex. Health & Safety Code Ann. § 841.150 (West Supp. 2012)

The motion for new trial also asked that the group be allowed to present evidence, call and cross-examine witnesses, and to consult with counsel. The record before us does not reflect that the trial court ever ruled on the group's motion asking for a new trial.

## Jurisdiction

In SVP commitment cases, the trial court retains jurisdiction while the commitment order remains in effect. *In re Commitment of Richards*, 395 S.W.3d 905, 909 (Tex. App.—Beaumont 2013, pet. denied). Exercising its continuing jurisdiction, the trial court, in 2012, rendered an order that effectively modified where Adams was to live. Where Adams was living while in treatment under the trial court's commitment order is a matter that the trial court last addressed in its 2010 order.

Additionally, the 2012 order that Adams attempts to appeal resulted from a motion that the trial court considered by submission; it is not the product of a trial in which a factfinder determined that Adams has a behavioral abnormality or that Adams' behavior has not changed. *See* Tex. Health & Safety Code Ann. § 841.062 (West 2010) (providing a right to appeal a determination after a trial finding that a person is a sexually violent predator); *id*. § 841.103(c) (West 2010) (allowing a jury trial, on request, at the hearing that follows the trial court's preliminary

4

biennial-review determination at which the burden of proof is placed on the State to prove, beyond reasonable doubt, that the person's behavior has not changed so he is no longer likely to engage in a predatory act of sexual violence); *see also Richards*, 395 S.W.3d at 908. Additionally, there is no language in the 2012 order that suggests the trial court considered the 2012 order to be final. *See*, *e.g.*, *In re Commitment of Davis*, 291 S.W.3d 124, 128 (Tex. App.—Beaumont 2009, pet. denied) (noting that the trial court included unmistakable language of finality).

In *In re Commitment of Cortez*, we addressed our jurisdiction over an appeal brought by another member of the same group arising from the same proceedings that resulted in Adams' appeal. No. 09-12-00385-CV, 2013 WL 3270613 (Tex. App.—Beaumont June 27, 2013, no pet. h.). In *Cortez*, we concluded that the 2012 modified order was not final and that no statutes provided Cortez with a right of review through interlocutory appeal. *Id*. at *2. The record does not reflect that the trial court considered its 2012 order to be final regarding where Adams might be required to live while under the terms of the order committing him for treatment. *Compare In re Commitment of Richards*, 202 S.W.3d 779, 786 (Tex. App.—Beaumont 2006, pet. denied) (biennial review order did not finally dispose of SVP's complaint about where he was required to reside) *with Davis*, 291 S.W.3d

5

at 128 (trial court's modified judgment included unmistakable language of finality).

For the same reasons we articulated in *Cortez*, we conclude that in the absence of a statute authorizing our review of Adams' complaints through an interlocutory appeal, Adams has no right to appeal the trial court's 2012 interlocutory order. *See* 2013 WL 3270613, at \*2. We conclude that the trial court's 2012 order is not appealable.

Mandamus

In response to an inquiry from this Court, Adams asks that we alternatively consider his brief as a request for mandamus relief. In light of Adams' request that we review his appeal as a petition for mandamus, we also address whether Adams has shown that he is entitled to mandamus relief. On the request of Cortez, in the interest of judicial efficiency, and in light of the burdens on the parties, we addressed the issues presented in Cortez's briefs as a mandamus petition. *Cortez*, 2013 WL 3270613, at \*2; *see also CMH Homes v. Perez*, 340 S.W.3d 444, 452-54 (Tex. 2011) (holding that under appropriate circumstances, an interlocutory trial court order may be reviewed by mandamus). However, after reviewing the issues raised by Cortez in his brief, we concluded that Cortez was not entitled to receive mandamus relief. *Cortez*, 2013 WL 3270613, at \*\*3-6. Four of Adams' issues,

issues one through four, concern the same matters that were raised in *Cortez*. We need not readdress the matters Adams raises in issues one through four, as we resolved those issues in *Cortez*. With respect to Adams' first four issues, we conclude that Adams, for the reasons that we stated in *Cortez*, is not entitled to mandamus relief. *See id.* at **2-6.

In issue five, a complaint that was not raised in *Cortez*, Adams contends the trial court denied his Due Process rights by refusing to allow him to represent himself during the proceedings at issue. *See id.* According to Adams, the trial court denied his rights of Due Process because it did not allow him to represent himself during the proceedings at issue. However, the record before us does not show that Adams ever actually discharged counsel of record.

Even in a proceeding where the defendant has an established right of self-representation, the defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 923 (Tex. Crim. App. 2007) (concluding that a trial court is free to disregard a *pro se* motion filed by a criminal defendant while he is represented by counsel). Because Adams was represented by counsel that he never discharged, and assuming without deciding that he has a right to represent himself in the proceedings at issue, the record does not demonstrate that he attempted to

exercise a right of self-representation. Under the circumstances, reviewing Adams'

complaint to address his claim by mandamus is not warranted.

Conclusion

We lack appellate jurisdiction to review the trial court's 2012 order and

Adams has failed to demonstrate that this Court should issue a writ of mandamus

regarding the matters raised in Adams' brief. Accordingly, we dismiss the appeal.

APPEAL DISMISSED.


_____
HOLLIS HORTON
Justice



Submitted on May 28, 2013
Opinion Delivered August 15, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.