In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00126-CV

_____


IN RE LONNIE KADE WELSH


Original Proceeding
435th District Court of Montgomery County, Texas
Trial Cause No. 15-01-00659-CV


MEMORANDUM OPINION

In a mandamus petition, Lonnie Kade Welsh raises two unrelated complaints. First, he complains that the trial court failed to grant his January 30, 2017, request for an order regarding the handling of his communications with his appellate counsel by the Texas Civil Commitment Office. This complaint appears to concern a *pro se* filing made in a case in which Welsh is represented by counsel. *See generally In re Commitment of Welsh*, No. 09-15-00498-CV, 2016 WL 4483165, at *1 (Tex. App.— Beaumont Aug. 25, 2016, pet. denied). A trial court is free to disregard any *pro se* motions presented by a party represented by counsel. *Robinson v. State*, 240 S.W.3d

1

919, 922 (Tex. Crim. App. 2007); *see also In re Commitment of Adams*, 408 S.W.3d 906, 909 (Tex. App.—Beaumont 2013, no pet.).

Second, Welsh argues that as a result of changes to Chapter 841 effective after the date of his commitment, the trial court lacks jurisdiction to conduct a biennial review of his civil commitment. The 2015 amendments to Chapter 841 left unchanged section 841.082(d), which provides that the committing court retains jurisdiction of the biennial review of the case. *See* Tex. Health & Safety Code Ann. § 841.082(d) (West Supp. 2017) ("The committing court retains jurisdiction of the case with respect to a proceeding conducted under this subchapter, other than a criminal proceeding involving an offense under Section 841.085, or to a civil commitment proceeding conducted under Subchapters F and G.").

Welsh has not demonstrated that he is entitled to mandamus relief. The petition for a writ of mandamus is denied.

PETITION DENIED.

PER CURIAM

Submitted on April 18, 2018
Opinion Delivered April 19, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.

2