**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 6, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00942-CR

### IN RE BOBBY JONES, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1568981**

## MEMORANDUM OPINION

On October 29, 2018, relator Bobby Jones filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Hazel B. Jones, presiding judge of the 174th District Court of Harris

County, to: (1) vacate her alleged denial of relator's motion to represent himself, and (2) set the case for trial within twenty days.

Relator states in his petition that he is currently represented by court-appointed counsel.

"[A] trial court's discretionary decision to deny hybrid representation cannot be reviewed by mandamus, and an appeal provides an adequate remedy for any denial of relator's right to self-representation." *In re Beal*, No. 14-13-00359-CR, 2013 WL 1907891, at *1 (Tex. App.—Houston [14th Dist.] May 7, 2013, orig. proceeding) (mem. op., not designated for publication) (citing *Alford v. State*, 367 S.W.3d 855 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *In re McIntosh*, No. 04–12–00303–CR, 2012 WL 2125929, at *1 (Tex. App.—San Antonio June 13, 2012, orig. proceeding) (mem. op., not designated for publication); *In re Bohannan*, No. 09–11–00684–CV, 2011 WL 6747468, at *1 (Tex. App.—Beaumont Dec. 21, 2011, orig. proceeding) (mem. op., not designated for publication)).

Additionally, because relator is represented by counsel, his pro se mandamus petition presents nothing for this court's review. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State,* 240 S.W.3d 919, 922 (Tex. Crim. App. 2007)*; Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means that a relator's pro se mandamus petition should be treated as presenting nothing for this court's review. *See Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding). "Even in a proceeding where the defendant has an established right of self-representation, the defendant is not entitled to hybrid representation." *In re*

*Commitment of Adams*, 408 S.W.3d 906, 909 (Tex. App.—Beaumont 2013, orig. proceeding) (citing *Robinson*, 240 S.W.3d at 923).

For these reasons, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

3