**Opinion issued May 21, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00183-CV

_____

## IN THE COMMITMENT OF RICHARD A. DUNSMORE, Appellant

On Appeal from the 412th Judicial District Court
Brazoria County, Texas
Trial Court Case No. 84023-CV

## MEMORANDUM OPINION

Appellant, Richard A. Dunsmore, attempts to appeal the trial court's February 7, 2018 order denying his unauthorized petition for release. This Court notified Dunsmore of our intent to dismiss for lack of jurisdiction and invited a response establishing that this Court has jurisdiction. Dunsmore filed a response but has not

demonstrated that we have jurisdiction. We dismiss the appeal for lack of jurisdiction.

## Background

Richard Dunsmore was convicted of sexual assault and attempted sexual assault and sentenced to 7 years in TDCJ, and this Court affirmed the conviction. *See Dunsmore v. State*, No. 01–10–00981–CR, 2012 WL 1249418 (Tex. App.—Houston [1st Dist.] Apr. 12, 2012, pet. ref'd). Six months before his scheduled release date, the State petitioned to have him civilly committed under the Sexually Violent Predator statute. *See* TEX. HEALTH & SAFETY CODE § 841.003. After a jury trial, he was adjudicated a sexually violent predator. The statute provides for appeal from an order determining status as a sexually violent predator, and Dunsmore appealed that order to our Court. *See In re Commitment of Dunsmore*, 562 S.W.3d 732, 736 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (affirming).

Dunsmore then filed an "unauthorized petition for release," which the trial court denied on February 7, 2018, concluding that the petition was frivolous and that Dunsmore had not shown probable cause that his "behavioral abnormality has changed such that he is no longer likely to engage in a predatory act of sexual violence." Dunsmore seeks to appeal this order.

**Lack of Jurisdiction**

To determine whether we have jurisdiction over the denial of Dunsmore's unauthorized petition for release, we must turn to Chapter 841 of the Health and Safety Code. When construing statutes, our primary objective is to give effect to the Legislature's intent as shown by the statutory text. *See Colorado Cty. v. Staff*, 510 S.W.3d 435, 444 (Tex. 2017). If the text is clear, the text is determinative of the Legislature's intent. *See id.* When considering the language of the particular statutory provisions at issue, we do not consider them in isolation but view them in the context of the statute as a whole. *See Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014).

The statute provides for appeal from the initial determination that a person is a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE § 841.062(a). Once a sexually violent predator is committed, Chapter 841 provides for periodic commitment reviews. For example, Section 841.101 provides for a biennial examination. *Id.* § 841.101(a). Chapter 841 also includes provisions for the filing of two types of petitions for release: authorized and unauthorized. *See id.* §§ 841.121, 841.122.

Dunsmore filed an unauthorized petition for release. The statute does not provide for an appeal of the trial court's ruling on an unauthorized petition for release, or of any trial court ruling other than the initial determination of sexually

3

violent predator status. Courts have addressed appeals of orders under the sexually violent predator statute, other than initial commitment orders, and generally determined that they are interlocutory and not appealable. *See In re Commitment of Adams*, 408 S.W.3d 906, 909 (Tex. App.—Beaumont 2013, no pet.) (dismissing appeal from order modifying commitment order as interlocutory and not appealable); *In re Commitment of Cortez*, 405 S.W.3d 929, 932, 936 (Tex. App.—Beaumont 2013, no pet.) (dismissing appeal of modification order because statute does not provide for appeal, order contains no finality language, and further holding that appellant had not shown himself entitled to mandamus relief); *In re Commitment of Richards*, 395 S.W.3d 905, 909–10 (Tex. App.—Beaumont 2013, pet. denied) (dismissing appeal from order after biennial review as interlocutory and not appealable because the order did not follow trial on the merits or reflect trial court intent that order was final).[1]

One court has ruled on the appealability of an order denying an unauthorized petition for release and concluded that it is a final appealable judgment. *See In re Commitment of Keen*, 462 S.W.3d 524, 526 (Tex. App.—Beaumont 2015, no pet.).

---

[1]  The Sexually Violent Predator statute previously required all commitment proceedings to be initiated in Montgomery County. *See Tex. Civil Commitment Office v. Hartshorn*, 550 S.W.3d 319, 324–25 (Tex. App.—Austin 2018, no pet.) (citing to Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, sec. 841.041(a), 1999 Tex. Gen. Laws 4122, 4146 (amended 2015) (current version at TEX. HEALTH & SAFETY CODE § 841.041(a))). Therefore, the Beaumont Court of Appeals decided all appeals involving sexually violent predators before the statute was amended. *See Hartshorn*, 550 S.W.3d at 324 n.2.

In reaching its decision, the court determined that the order concluded a "discrete phase of the [sexually violent predator] proceeding" and disposed of all parties and claims. *Id.*

A determination that a ruling is a final judgment because it concludes a "discrete phase" is a unique exception to the "one final judgment rule" that has been applied in probate and guardianship cases to permit appeals of discrete issues. *See In the Guardianship of Macer*, 558 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *In re Guardianship of Miller*, 299 S.W.3d 179, 184 (Tex. App.—Dallas 2009, no pet.). This probate and guardianship exception to the "one-judgment rule" has been held to be "necessary because of the need to 'review controlling, intermediate decisions before an error can harm later phases of the proceeding.'" *Miller*, 299 S.W.3d at 184 (quoting *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)). The exception has also been applied to discrete orders in receivership proceedings. *See Art Inst. of Chicago v. Integral Hedging, L.P.*, 129 S.W.3d 564, 571 (Tex. App.—Dallas 2003, no pet.) (citing to *Huston v. FDIC*, 800 S.W.2d 845 (Tex. 1990)).

*Keen* appears to be the only case to extend this exception to an order concerning a sexually violent predator, and the *Keen* court does so without explanation or authority. Absent any discussion or citation to authority supporting

extension of this unique exception to an order under the sexually violent predator statutory scheme, we decline to follow the *Keen* holding.

There is no provision in the Sexually Violent Predator statute for appeal of an order denying an unauthorized petition for release. "A statute's silence can be significant." *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 84 (Tex. 2004). If the statute grants a remedy in one part but omits one elsewhere, that may be exactly what the Legislature intended and we should honor that difference. *See id.* The statute provides for appeal of the initial commitment order, but it does not provide for appeal from an order denying a petition for unauthorized release.

Moreover, other indications of finality are not present. Dunsmore remains civilly committed as a sexually violent predator and the trial court retains continuing jurisdiction as long as the commitment order remains in effect. *See Adams*, 408 S.W.3d at 908. The order contains no language indicating the trial court's intent for this to be a final judgment. *See Cortez*, 405 S.W.3d at 932 (holding modification order to be interlocutory because appellant remained committed, trial court retained continuing jurisdiction, and order lacked severance or finality language).

Because the trial court's order finds that Dunsmore's petition is frivolous and because he failed to show a change in his behavioral abnormality, his commitment and the trial court's supervisory jurisdiction continues. Thus, we conclude that the

order denying Dunsmore's petition for unauthorized release is interlocutory and unappealable.

We have jurisdiction to hear an interlocutory appeal only if authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE § 51.014; *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). The February 7, 2018 order is not one for which an interlocutory appeal is statutorily authorized, either by Chapter 841 or by Section 51.014. *See* TEX. HEALTH & SAFETY CODE §§ 841.122, 841.123, 841.124; TEX. CIV. PRAC. & REM. CODE § 51.014. Because we have determined that the order appealed is interlocutory, we have no jurisdiction.

Dunsmore raised certain constitutional issues in his petition, but he has done so through an attempted direct appeal of a denied unauthorized petition for release instead of a collateral attack on the commitment order; therefore, we cannot reach his constitutional arguments. *Cf. Ex parte Miller*, No. 09–08–00194–CV, 2008 WL 5780816, at *1 (Tex. App.—Beaumont Dec. 18, 2008, no pet.) (after trial court entered civil commitment order providing for Miller's treatment as a sexually violent offender, Miller filed habeas petition collaterally attacking the commitment order and alleging he was illegally detained); *In re Commitment of Fisher*, 164 S.W.3d 637, 656 (Tex. 2005) (reviewing court may not reach appellant's constitutional challenges because they were not raised in trial court).

We dismiss the appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Landau.