**Opinion issued June 18, 2019**



**In The**

# Court of Appeals

**For The**

# First District of Texas

——————————

## NO. 01-18-01032-CV

——————————

## IN THE COMMITMENT OF RICHARD A. DUNSMORE, Appellant

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case No. 84023-CV**

---

### MEMORANDUM OPINION

Appellant Richard A. Dunsmore appeals the trial court's denial of his motion to vacate the commitment order. We dismiss.

Dunsmore was convicted of attempted sexual assault and the State filed a petition to have him civilly committed as a sexually violent predator. A jury found Dunsmore to be a sexually violent predator and the trial court signed a final judgment

on November 10, 2016 directing him to be civilly committed for treatment and supervision. *See In re Commitment of Dunsmore*, 562 S.W.3d 732, 735–36 (Tex. App.—Houston [1st Dist.] Oct. 18, 2018, no pet.). Dunsmore appealed that order which was affirmed by this Court on October 18, 2018. *See id.*

Dunsmore filed a motion to vacate his commitment order in May 2018, long after the commitment order was signed.[1] There is no provision in the statute for a motion to vacate. Because Dunsmore sought release from commitment by moving the trial court to vacate the commitment order, the trial court could have construed this motion to be an unauthorized petition for release. Under the statutory scheme, a committed person may file an annual unauthorized petition for review.[2] *See* TEX. HEALTH & SAFETY CODE § 841.122. The trial court may deny the petition without a hearing if the petition is frivolous. *See* TEX. HEALTH & SAFETY CODE § 841.123(c). The trial court denied Dunsmore's motion to vacate on June 15, 2018 by written order, finding it to be frivolous.

---

[1] The original order of commitment was signed on November 10, 2016. Dunsmore filed a timely post-judgment motion to vacate on November 18, 2016, along with a motion for new trial. All of his post-judgment motions were apparently overruled by operation of law because the clerk's record in the appeal from the original commitment order contains no ruling on those motions. Thus, the motion involved in this appeal is not a post-judgment motion under Rule 306a. *See* TEX. R. CIV. P. 306a(1).

[2] According to the record, Dunsmore filed another unauthorized petition for release in 2017.

To determine whether this Court has jurisdiction over the denial of Dunsmore's unauthorized petition for release, we turn to Chapter 841 of the Health and Safety Code. When construing statutes, our primary objective is to give effect to the Legislature's intent as shown by the statutory text. *See Colorado Cty. v. Staff*, 510 S.W.3d 435, 444 (Tex. 2017). If the text is clear, the text is determinative of the Legislature's intent. *See id.* When considering the language of the particular statutory provisions at issue, we do not consider them in isolation but view them in the context of the statute as a whole. *See Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014).

An appeal is permitted from the initial determination that a person is a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE § 841.062(a). Once a sexually violent predator is committed, Chapter 841 provides for periodic commitment reviews. Section 841.122 permits a sexually violent predator to file with the court a petition for release without the authorization of the Texas Civil Commitment Office. TEX. HEALTH & SAFETY CODE § 841.122. The committed person is entitled to judicial review of this unauthorized petition for release, but is not necessarily entitled to a hearing on this petition. *See* TEX. HEALTH & SAFETY CODE §§ 841.123(b), 841.124.

As we held in *In the Commitment of Dunsmore*, No. 01–18–00183–CV, 2019 WL 2180446, at *2 (Tex. App.—Houston [1st Dist.] May 21, 2019, no pet. h.), the

3

denial of an unauthorized petition for release is an interlocutory order for which there is no statutory permission to appeal. There is no indication that the trial court intended this order to be final because Dunsmore remains civilly committed as a sexually violent predator and the trial court retains continuing jurisdiction as long as the commitment order remains in effect. *See id.*; *In re Commitment of Adams*, 408 S.W.3d 906, 908 (Tex. App.—Beaumont 2013, no pet.).

We have jurisdiction to hear an interlocutory appeal only if authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE § 51.014; *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). The June 15, 2018 order is not one for which an interlocutory appeal is statutorily authorized, either by Chapter 841 or by Section 51.014. *See* TEX. HEALTH & SAFETY CODE §§ 841.122, 841.123; TEX. CIV. PRAC. & REM. CODE § 51.014. Because we have determined that the order appealed is interlocutory, we have no jurisdiction.

Accordingly, we dismiss the appeal for lack of jurisdiction. Any pending motions are dismissed as moot.


**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Landau.

4