

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-19-00176-CV

___

ERICK LAWSON, APPELLANT

V.

NICHOLAS EDD AND KAREN
HARMON, APPELLEES

___

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCV DCV-19890-18, Honorable Felix Klein, Presiding

___

October 18, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Erick Lawson, pro se, appeals from orders dismissing his suit against Dr. Nicholas Edd and Karen Harmon. Edd and Harmon filed their respective pleas to the jurisdiction of the trial court, contending that jurisdiction over Lawson's claim lay with the court that ordered Lawson's civil commitment as a violent sexual predator.[1] That court was the

___

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 841.081(a) (West 2017) (stating that "[i]f at a trial conducted under Subchapter D [Health & Safety Code § 841.061 et seq.] the judge or jury determines that the person is a sexually violent predator, the judge shall commit the person for treatment and supervision to be coordinated by the [the Texas Civil Commitment] office").

435th Judicial District Court of Montgomery County, Texas. The trial court agreed, granted the motions, and dismissed the suit via two orders.

In one, it simply granted the plea to the jurisdiction filed by Harmon and dismissed with prejudice. In the other, it mentioned two grounds for dismissal of Lawson's claims against Edd. One involved the exclusive jurisdiction of the 435th District Court. The second concerned Lawson's cause of action being a health care liability claim and his failure to file an expert's report as mandated by statute.[2]

Lawson appealed. His three issues concern whether the 435th District Court had exclusive jurisdiction over the proceeding and whether dismissal should have been without prejudice. He said nothing about the propriety of dismissing with prejudice due to the failure "to file" an expert's report. We affirm.

*Jurisdiction*

We begin our review by addressing the propriety of granting the pleas to the jurisdiction of the trial court. Whether a trial court has subject-matter jurisdiction over a suit is a question of law. *Tex. Dept. Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Consequently, we review a decision holding that it did or did not under the *de novo* standard of review. *Id.*; *Lubbock-Crosby Cty. Cmty. Supervision & Corr. Dep't. v. Lance*, No. 07-14-00222-CV, 2014 Tex. App. LEXIS 13736, at *7 (Tex. App.—Amarillo Dec. 22, 2014, no pet.) (mem. op.). Furthermore, in assessing whether such jurisdiction actually exists, we consider the plaintiff's pleadings and factual allegations therein and

_____

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2017) (stating that "[i]n a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted").

any evidence pertinent to the question. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *Lubbock-Crosby Cty. Cmty. Supervision*, 2014 Tex. App. LEXIS 13736, at *7. So too must we accept as true those factual allegations. *In re Nurses License of Nichols*, No. 07-17-00236-CV, 2018 Tex. App. LEXIS 4421, at *2 (Tex. App.—Amarillo June 18, 2018, no pet.) (mem. op.). Indeed, the plaintiff has the burden to allege facts which affirmatively show the existence of subject-matter jurisdiction. *Id.*

Next, § 841.082 of the Texas Health and Safety Code provides that the court civilly committing someone as a sexually violent predator "retains jurisdiction of the case with respect to a proceeding conducted under . . . subchapter [E of the statute] . . . or to a civil commitment proceeding conducted under Subchapters F and G." TEX. HEALTH & SAFETY CODE ANN. § 841.082(d) (West Supp. 2018).[3] The debate before us concerns whether the statute encompasses the factual allegations and causes of action asserted by Lawson.

What the true nature of those claims and allegations are depends upon the substance of the pleading, as opposed to its label. *See In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (per curiam); *Cupit v. Tex. Civil Commitment Office*, No. 07-18-00228-CV, 2018 Tex. App. LEXIS 9384, at *4 (Tex. App.—Amarillo Nov. 16, 2018, no pet) (mem. op.). Our review of Lawson's live pleading discloses a claim of breached fiduciary duty founded upon actions and inactions undertaken by Edd and Harmon. Those actions or

---

[3] Subchapter E encompasses a trial conducted under Subchapter D of the statute resulting in a determination that the person is a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.081(a) (West 2017). Subchapter F concerns reviewing the person's continued commitment every two years. *Id.* § 841.101(a) (stating that "[a] person committed under Section 841.081 shall receive a biennial examination"). Subchapter G involves a petition for release. *Id.* § 841.121(a) (stating that "[i]f the office determines that the committed person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence, the office shall authorize the person to petition the court for release").

inactions relate to the development of a report for use in a biennial review of his commitment. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.102(a) (West 2017) (stating that "[n]ot later than the 60th day after the date of receipt of the report submitted under Section 841.101, the judge shall conduct a biennial review of the status of the committed person"); *see also id.* § 841.101(a) (stating that "[i]n preparation for a judicial review conducted under Section 841.102, the office shall provide a report of the biennial examination to the judge and to the person" which includes consideration of whether to modify a requirement imposed on the person or release the person from all requirements).

For instance, in preparation for his 2017 biennial review, Edd allegedly 1) failed to meet with Lawson's therapist (Harmon), 2) knew that he had to meet with Harmon "in order to effectively discuss [Lawson's] case," 3) failed to perform "dynamic tests" on Lawson, and 4) generally illustrated a "lack of consideration." These circumstances resulted in Edd "produc[ing] and convey[ing] inaccurate, misleading evidence to the 435th Judicial District Court . . . . In [sic] the form of a fraudulent instrument, which is represented within his biased, conclusory Biennial Review Report."

On the other hand, not much was said within the live pleading of Harmon's purportedly deficient actions or inactions. For the most part, Lawson merely alluded to her purported status as an intern seeking licensure. Yet, an affidavit he executed and filed contemporaneously with his original petition shed light on the nature of his accusations against Harmon. The alleged misconduct consisted of her supposed failure to doggedly have Edd meet with her to discuss Lawson's situation. Such was necessary in his view as a part of a thorough examination. He believed her efforts evinced "deliberate indifference."

4

The foregoing, according to Lawson, "prevented him from receiving an adequate Biennial Review evaluation[] which will show any meaningful progress in treatment while residing at TCCC." To that we add various other representations appearing in either Lawson's affidavit or his presentation at the hearing conducted by the trial court on the pleas to the court's jurisdiction. They consist of him saying 1) "Edd has purposely sabotaged my Biennial Report, so that the record will reflect badly before the court upon its review of my case"; 2) "Edd . . . committed intrinsic fraud upon the court, by failing to provide the court with an accurate report of my progress"; 3) "Edd is paid by the state to perform Biennial Review Examinations for Texas Civil Commitment Office"; 4) the examinations "are then used to determine whether persons Civilly Committed under Texas law[] remain likely to engage in predatory acts of sexual violence"; 5) "the court then bases its decision to either release such person or have them continue to remain confined"; 6) "I'm suing for being harmed, for them not doing their duties which were instilled, listening to me and testing me and doing things they were supposed to do under law . . . they didn't do it"; 7) "[t]hey just skipped over it"; and 8) their examination "was perfunctory."

In *Cupit*, we observed that though one may call an elephant an iguana, it is still an elephant. *Cupit*, 2018 Tex. App. LEXIS 9384, at *7. The same is no less true here. Lawson may attempt to couch his complaint under the monikers of breached fiduciary duty and tort. Yet, the essence of his complaint encompasses the § 841.101(a) biennial review and the purportedly defective compilation of a part of that review, that part being the examination and report.

Statute provides that: 1) the committed person is "entitled to an immediate examination . . . by an expert" at the biennial review, TEX. HEALTH & SAFETY CODE ANN. § 841.103(a); 2) a report of the examination must be provided to the judge in preparation for the biennial review, *id.* § 841.101(b); and 3) the report must address whether to modify a requirement imposed on the committed person or release the person from all requirements. *Id.* So, part and parcel of a Subchapter F proceeding is the examination and report. Because the court that committed the person retains jurisdiction over a biennial review "proceeding" and the submission of the committed person to an examination and creation of an ensuing report are part of that overall proceeding, logic compels us to hold that the committing court also has jurisdiction over the examination and report.

As said in *In re Commitment of Davis*, 291 S.W.3d 124 (Tex. App.—Beaumont 2009, pet. denied), "the trial court retains jurisdiction over the committed person." *Id.* at 127. That jurisdiction encompasses both personal jurisdiction over the person committed and subject-matter jurisdiction over the civil commitment. *Id.* In effect, Lawson avers that the examination was not conducted as contemplated by statute due to the supposed fraud and indifference of Harmon and Edd. No doubt, his allegations implicate components of a Subchapter F proceeding as well as his continued confinement and treatment. They undermine the validity of the § 841.101(a) examination and § 841.101(b) report. In undermining those components of the biennial review proceeding, they implicitly undermine the biennial review, itself. Given that the 435th District Court has jurisdiction over the biennial review "proceeding," it has jurisdiction over Lawson's attack on that

proceeding. That he may attempt to cloak his attack with the labels of tort and breached fiduciary duty is inconsequential.

The trial court at bar did not err in granting the pleas to its jurisdiction. Yet, to the extent that it dismissed the claims asserted against Harmon with prejudice, it erred. Being susceptible to filing in the 435th District Court, the suit should have been dismissed without prejudice to any such later filing.[4] *Razo v. Vargas*, 355 S.W.3d 866, 877 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (holding that dismissal for want of jurisdiction is without prejudice since it is not an adjudication on the merits). Thus, we overrule appellant's issues, affirm the trial court's orders granting the pleas but modify the Harmon order to reflect that the dismissal was without prejudice.


Brian Quinn
Chief Justice

---

[4]Should one wonder whether it was proper to dismiss the action against Edd because of its purported status of a health care liability claim and Lawson's failure to comply with statutory requirements related to same, we say the following. To the extent that Lawson's complaint against Edd lie within the exclusive jurisdiction of the 435th District Court, then the court at bar lacked jurisdiction to do anything other than dismiss for want of subject-matter jurisdiction. *In re St. Thomas High School*, 495 S.W.3d 500, 506 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). In other words, it lacked jurisdiction to deem the action a health care liability claim and dismiss it on grounds unrelated to subject-matter jurisdiction.