In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-23-00003-CV
IN RE CURTIS ADAMS

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 01-10-06658-CV**

## MEMORANDUM OPINION

Curtis Adams filed a Petition for Writ of Mandamus against the Special Prosecution Unit and the State Counsel for Offenders. In his Petition, Adams does not identify the Judge of the 435th District Court of Montgomery County, Texas as the respondent nor does he identify any order of the current judge of the 435th District Court that he claims to have been issued in error, nor does he specify that the trial court's ruling, if any, is a clear abuse of discretion for which Adams lacks an adequate remedy by appeal. *See* Tex. Gov't Code Ann. § 22.221(b). The relief Adams requests in his petition appears to be unrelated to protecting our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a). Adams also has not shown that we may

1

exercise mandamus jurisdiction over the Special Prosecution Unit or the State Counsel for Offenders.

We note that Adams is subject to an order of civil commitment as a sexually violent predator. *See In re Commitment of Adams*, 122 S.W.3d 451 (Tex. App.—Beaumont 2003, no pet.). The 435th District Court of Montgomery County, Texas retains jurisdiction while the civil commitment order remains in effect. *See In re Commitment of Adams*, 408 S.W.3d 906, 908 (Tex. App.—Beaumont 2013, no pet.). Almost twenty years after this Court affirmed the trial court's judgment and issued the mandate, Adams filed this petition for a writ of mandamus against the Special Prosecution Unit and the State Counsel for Offenders.

A court of appeals may issue a writ of mandamus to enforce the court's jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a). We may issue a writ of mandamus against a judge of a district court in our district. *Id*. § 22.221(b). We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

In his Petition, Adams appears to be complaining about the validity of a criminal conviction that the State relied upon to prove that Adams was a sexually violent predator. In a response to the mandamus petition, the State argues all the

complaints in the mandamus petition relate to a final felony conviction that can only be challenged through a post-conviction application for a writ of habeas corpus. *See Ex parte Adams*, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989) ("The procedure set forth in Article 11.07, V.A.C.C.P., is the exclusive State felony post-conviction judicial remedy available in Texas."); *see also In re McAfee*, 53 S.W.3d 715, 717-18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Adams has failed to show that we may exercise our mandamus jurisdiction to grant the relief sought. Accordingly, we dismiss the petition for a writ of mandamus.

PETITION DISMISSED.

PER CURIAM

Submitted on January 18, 2023
Opinion Delivered January 19, 2023

Before Golemon, C.J., Horton and Johnson, JJ.