In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00525-CV**

_____

**IN RE DAVID WAYNE JONES**

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 03-05-03117-CV**

**MEMORANDUM OPINION**

David Wayne Jones petitioned for a writ of mandamus directing the trial court

to vacate a 2019 order modifying the terms of his civil commitment as a sexually

violent predator under Chapter 841 of the Health and Safety Code (the SVP Act).[1]

We deny mandamus relief.

---

[1] Jones failed to certify that he mailed a copy of the mandamus petition and record to the attorney of record for the State as the Real Party in Interest. *See* Tex. R. App. P. 9.5(a); 52.7(c). We use Rule 2, however, to look beyond this and other deficiencies to reach an expeditious result. *See id.* 2.

1

Jones filed an appendix that contains a docket sheet for Trial Cause Number 03-05-03117-CV, the cover page of Applicant's Motion to Modify Commitment Order filed September 25, 2025, a copy of Applicant's Request to Judge for a Hearing filed October 22, 2025, a letter to the clerk dated October 24, 2025, asking if a hearing had been set, and a letter from a deputy district clerk responding to a request for records.[2]

According to Jones, a 2005 civil commitment order of the 435th District Court committed Jones as a sexually violent predator, in 2007 Jones was convicted of violating the civil commitment requirements and received a twenty-year sentence, Jones has been continuously incarcerated since 2007, and he is scheduled for release from prison on February 27, 2026. On October 22, 2025, Jones filed a request for in-person oral arguments on his motion.

Jones complains he has not received a response to his request for a setting on his Motion to Modify Commitment Order, but he does not ask this Court to compel the trial court to set a hearing. Instead, Jones asks this Court to compel the trial court to vacate the 2019 order.

According to Jones, in January 2019, the trial court signed an order that placed Jones in the Tiered Treatment Program operated by the Texas Civil Commitment

---

[2] Jones failed to provide certified or sworn copies of the documents and failed to certify that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See* Tex. R. App. P. 52.3(j), 52.7(a)(1).

Office (TCCO). Jones contends the January 2019 order is void because the trial court's duties are suspended during Jones's imprisonment. *See* Tex. Health & Safety Code Ann. § 841.150 ("The duties imposed on the office and the judge by this chapter are suspended for the duration of a detention or confinement of a committed person in a correctional facility[.]"). He argues that if the trial court has declined to hold an oral argument on his Motion to Modify Commitment Order because its duties are suspended while Jones is incarcerated, the 2019 order modifying the commitment order to place Jones in the Tiered Treatment Program must be void because the trial court signed the order during Jones's imprisonment.

Jones appears to presume that if the trial court's duties under Chapter 841 are suspended it somehow loses either personal jurisdiction over the committed person or subject matter jurisdiction over the commitment order. Under Section 841.082(d) and (e) of the Health and Safety Code, after a person is committed, the trial court retains both personal jurisdiction over the committed individual and subject matter jurisdiction over the civil commitment. *In re Commitment of Davis*, 291 S.W.3d 124, 127 (Tex. App.—Beaumont 2009, pet. denied). Jones cites no authority other than section 841.150 to support his argument that the 2019 order is void.[3] Section 841.150

---

[3] Jones cited a contempt case for the proposition that the order "must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967). Jones contends that the 2019 Order

3

does not mention either personal or subject matter jurisdiction. *See* Tex. Health & Safety Code Ann. § 841.150. The Texas Department of Criminal Justice (TDCJ) provides sex offender treatment while a person is in TDCJ custody. *See* Tex. Health & Safety Code Ann. § 841.0821. There is no reason for the TCCO to provide sex offender treatment or for the trial court to conduct biennial reviews of the person's status while that person is confined in a TDCJ facility. But nothing in section 841.150 prohibits the trial court from complying with the legislative mandate to implement the Tiered Treatment Program by modifying the commitment orders of a person committed pursuant to the SVP Act. *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, 2015 Tex. Sess. Law Serv. 2701, 2711 ("If a civil commitment requirement imposed under Chapter 841, Health and Safety Code, before the effective date of this Act differs from any of the civil commitment requirements listed in Section 841.082, Health and Safety Code, as amended by this Act, the applicable court with jurisdiction over the committed person shall, after notice and hearing, modify the requirement imposed as applicable to conform to that section.").

Jones argues that subsection 40(b) of Senate Bill 746 does not authorize the trial court to place Jones in the Tiered Treatment Program because tiered treatment was not mentioned in section 841.082 before 2015. We disagree. Since the

---

was ambiguous. We need not address this argument because Jones failed to include a copy of the 2019 Order in his appendix.

4

enactment of the SVP Act in 1999, section 841.082 has required that SVP commitment orders "requir[e] the person to reside in a particular location[]" and "requir[e] the person's participation in a specific course of treatment[.]" *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, 1999 Tex. Gen. Laws 4122, 4143-52 (amended 2003, 2005, 2007, 2011, 2015). When Jones was originally committed, section 841.082(e) provided that "[t]he requirements imposed under Subsection (a) may be modified [by the committing court] at any time after notice to each affected party to the proceedings and a hearing." Act of May 30, 2003, 78th Leg., R.S., ch. 347, 2003 Tex. Gen. Laws 1505, 1516-17.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840. We conclude that on this record the

5

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on January 21, 2026
Opinion Delivered January 22, 2026

Before Golemon, C.J., Johnson and Wright, JJ.