In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00406-CV**
_____

**IN RE COMMITMENT OF PAUL KEEN**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 01-11-07041 CV**

**OPINION**

In May 2002, Paul Keen was civilly committed as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). In July 2014, Keen filed an unauthorized petition for release. The trial court denied Keen's petition, finding that probable cause did not exist that Keen's behavioral abnormality had changed to the extent that he is no longer likely to engage in a predatory act of sexual violence. In two appellate issues, Keen contends that: (1) this Court has jurisdiction to consider his appeal from the denial of his petition; and (2) the trial court improperly applied the probable cause

1

standard when denying his petition. We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

Jurisdiction

In issue one, Keen argues that this Court has jurisdiction over his complaint challenging the denial of his unauthorized petition for release. Absent statutory authority, an appellate court only has jurisdiction over final judgments. *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012). A final judgment (1) disposes of all pending claims and parties; or (2) clearly and unequivocally states that it finally disposes of all claims and parties. *Id.*

A person committed as an SVP has a right to file with the trial court an unauthorized petition for release. Tex. Health & Safety Code Ann. § 841.122 (West 2010); *In re Commitment of Fisher*, 164 S.W.3d 637, 642 (Tex. 2005). The trial court shall deny the unauthorized petition, without a hearing, if: (1) the petition is frivolous; (2) the petitioner previously filed an unauthorized petition and the trial court determined, on review or following a hearing, that the petition was frivolous; or (3) the petitioner previously filed an unauthorized petition and the trial court found, on review or following a hearing, that "petitioner's behavioral abnormality had not changed to the extent that the petitioner was no longer likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code Ann.

2

§ 841.123(c)(2)(B) (West 2010). The trial court is not required to deny a petition "if probable cause exists to believe that the petitioner's behavioral abnormality has changed to the extent that the petitioner is no longer likely to engage in a predatory act of sexual violence." *Id.* § 841.123(d). If probable cause is found, the trial court must hold a hearing and the State and petitioner both receive an immediate right to examination of the petitioner by an expert. *Id.* § 841.124(a), (b) (West 2010). At the hearing, the State must "prove beyond a reasonable doubt that the petitioner's behavioral abnormality has not changed to the extent that the petitioner is no longer likely to engage in a predatory act of sexual violence." *Id.* § 841.124(d).

The denial of Keen's unauthorized petition concluded a discrete phase of the SVP proceeding. The sole issue before the trial court was whether Keen demonstrated grounds for his release. *See id.* § 841.123(c), (d). The trial court disposed of this issue by finding that "probable cause does not exist that the behavioral abnormality of PAUL KEEN has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence." The trial court expressly "ORDERED that the unauthorized petition for release from civil commitment filed herein by the committed person, PAUL KEEN, is in all things DENIED." There were no parties before the trial court other than Keen and the State. Because the trial court's order disposed of all pending claims and parties

3

presented by Keen's unauthorized petition for release, there was nothing left for the trial court to resolve with respect to Keen's petition. *See Am. Gen. Fire & Cas. Co. v. Vandewater*, 907 S.W.2d 491, 493 (Tex. 1995) ("Since the trial court judgment disposed of all parties and the one issue that was before it, it is a final judgment which may be reviewed on appeal."). Because the trial court's order constitutes an appealable final judgment, we have jurisdiction to consider Keen's complaint. *See Aldridge*, 422 S.W.3d at 585. We sustain issue one.

Denial of Unauthorized Petition for Release

In issue two, Keen challenges the denial of his petition on grounds that section 841.123 required the trial court to determine whether Keen's petition was frivolous and not whether probable cause existed to believe that his behavioral abnormality had changed to the extent that he is no longer likely to engage in a predatory act of sexual violence. We review statutory construction issues *de novo*. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). We construe the statute to give effect to the Legislature's intent. *Id*. "The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Id*.

In this case, the plain language of section 841.123(c) gives the trial court authority to deny an initial petition for unauthorized release if the petition is

4

frivolous. Tex. Health & Safety Code Ann. § 841.123(c). Keen's petition for unauthorized release is the first that he filed; thus, whether Keen's petition was frivolous is the standard the trial court should have applied. *See id*. A petition is "frivolous" when it lacks a legal basis or legal merit. Black's Law Dictionary 692 (8th ed. 2004).

Attached to Keen's petition was a report from psychologist Stephen A. Thorne, dated October 2013. Thorne conducted the Hare Psychopathy Checklist – Revised, which placed Keen in the low range of psychopathic characteristics. Keen's score on the Static-99R placed him in the moderate to high risk for re-offense. Thorne stated that Keen meets the criteria for unspecified paraphilic disorder, victim of non-parental child sexual abuse, and unspecified personality disorder. He identified Keen's risk factors: (1) sexually deviant behavior with multiple young male victims, including stranger victims and undocumented victims, (2) commission of offenses after his initial punishment and while under mandatory supervision, (3) fascination with young males, (4) grooming behavior, and (5) violation of the terms of his civil commitment. Thorne also outlined mitigating factors, including Keen's older age, no commission of a sexual offense since 1991, no diverse criminal history, completion of sex offender treatment, lack

of psychiatric difficulties, capacity to engage in age-appropriate employment and relationships, and lack of substance abuse. Thorne concluded that:

> . . .Keen does not presently suffer from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Mr. Keen does, no doubt, likely have some personality traits that have negatively impacted his participation in both sex offender treatment and the civil commitment program and there are areas of his own personality and functioning that he would benefit from continued insight into. That being said, when considering all the available information, with particular emphasis on Mr. Keen's age and the fact that from 2002 to 2012 (while living in the community) he is not accused of having engaged in any type of sexually deviant behavior, this examiner does not believe that Mr. Keen can presently be considered "likely" to engage in a predatory act of sexual violence.

In an October 2013 letter, Susan Rivas, a program specialist for the Office of Violent Sex Offender Management, requested that Keen remain in the Civil Commitment Program under all previous conditions. She noted that Keen was placed in an outpatient sexually violent predator treatment program and that, since his last biennial report, Keen received sanctions for rule violations. In a biennial assessment report, dated November 2013, two licensed sex offender therapists stated that Keen had entered outpatient treatment in November 2012, but he "remains sexually attracted to male children as a matter of psychosexual make up[]" and they knew of no "means that would pluck that out of him, or . . . how to permanently replace his sexually deviant attraction with an appropriate sexual attraction to

6

adults." They recommended that Keen continue in the "Civil Commitment Program where he can continue to reinforce the healthy cognitions and appropriate boundaries he has developed in treatment."

The record does not demonstrate that Keen's petition was lacking a legal basis or legal merit. The only evidence before the trial court that addressed the applicable standard for rejecting an unauthorized petition for release, that the petition is frivolous, was the report from the State's psychologist, Dr. Stephen A. Thorne. Thorne concluded that Keen "does not presently suffer from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence." Although probable cause may exist for the efficacy of continued treatment for Keen, that is not the appropriate standard. Based on this evidence, we cannot conclude that Keen's petition was frivolous. For that reason, we reverse and remand to the trial court to conduct further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on February 5, 2015
Opinion Delivered April 23, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.

7