COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In the Commitment of Richard A. Dunsmore

Appellate case number:    01-18-00183-CV

Trial court case number:  84023-CV

Trial court:              412th Judicial District Court of Brazoria County

Appellant's notice of appeal indicates that he intends to appeal the trial court's February 7, 2018 order denying his unauthorized petition for release.

The Beaumont Court of Appeals has considered an interlocutory appeal of an order denying an unauthorized petition for release. *See In re Commitment of Keen*, 462 S.W.3d 524, 526 (Tex. App.—Beaumont 2015, no pet.). Nevertheless, Chapter 841 of the Health and Safety Code has an explicit structure for judicial review of civil commitments of sexually violent predators.

An appeal is permitted from a determination that a person is a sexually violent predator. TEX. HEALTH & SAFETY CODE § 841.062(a). Upon civil commitment of a sexually violent predator, Chapter 841 provides for periodic commitment reviews. A person committed under Section 841.081 shall receive a biennial examination. *Id*. § 841.101(a). The biennial examination is followed by biennial judicial review. *Id*. § 841.102(a). In connection with the biennial review, the judge has discretion, but is not required, to set a hearing. *Id*. § 841.102(a), (c). Under the specific circumstance when the judge has determined that probable cause exists to believe that the person's behavior abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence, the committed person is entitled to be present at the hearing and to have the benefit of all constitutional protections provided to the person at the initial commitment proceeding, *id*. § 841.103(c), which at least arguably may include the right to seek appellate review, *id*. § 841.062(a). Under other circumstances when the judge merely determined that a requirement imposed on the committed person should be modified, the statute does not extend the same procedural rights to the committed person. *Compare id*. § 841.103(b) *with id*. § 841.103(c).

Chapter 841 also includes provisions for a committed person to initiate a petition for release. There are two categories of petitions for release: authorized and unauthorized. In the event of an authorized petition for release resulting from the Texas Civil Commitment Office's determination that that the committed person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence, *id*. § 841.121(a),

the judge is required to set a hearing, *id*. § 841.121(c), and the burden of proof is on the state to prove beyond a reasonable doubt that the petitioner's behavioral abnormality has not changed to the extent that the petitioner is no longer likely to engage in a predatory act of sexual violence, *id*. § 841.121(e), just as at the original commitment hearing, *id*. § 841.062(a). A committed person also retains the right to file with the court a petition for release without the authorization of the Texas Civil Commitment Office. *Id*. § 841.122. The committed person is entitled to judicial review of an unauthorized petition for release, *id*. § 841.123(b), but the committed person is not necessarily entitled to a hearing on an unauthorized petition, *id*. § 841.124.

In summary, Chapter 841 provides a detailed procedure for the initial commitment of a person determined to be a sexually violent predator and for subsequent judicial review of such commitments. Chapter 841 expressly states that an appeal is available from a commitment resulting from the initial determination of sexually violent predator status, and it arguably provides for appeals from subsequent hearings to review sexually violent predator status, but it does not expressly provide for appeals from all other procedural determinations.

The denial of an unauthorized petition for release is an interlocutory order in the context of a committing court's continuing jurisdiction over a committed person's case. *See id*. § 841.082(d). Unlike other circumstances of a continuing jurisdiction vested in a district court, Chapter 841 does not generally authorize appeals from "final orders" as distinguished from the final judgment that is ordinarily required before an appeal may be taken. *Cf*. TEX. FAM. CODE § 109.002(b) ("An appeal may be taken by any party to a suit from a final order rendered under this title."). In the absence of statutory authorization for an interlocutory appeal in this circumstance, the court may dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Unless appellant files a response that presents legal authority demonstrating that this court has jurisdiction of the appeal, or alternatively complies with the procedural requirements to request that this matter be treated as a petition for writ of mandamus if the circumstances so warrant, *see* TEX. R. APP. P. 52, this appeal will be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 38.9(b), 42.3(a), 43.2(f). Appellant's response, if any, is **due in this court within 30 days of the date of this notice**.


Judge's signature: _____/s/ Michael Massengale_____
                    ☒ Acting individually    ☐ Acting for the Court


Date: __December 18, 2018_____

Publish.