

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00034-CV
_____

IN RE THE COMMITMENT OF TIMOTHY DANIEL RENSHAW, Appellant

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 2018-452

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

On April 22, 2019, a Wood County jury found that Timothy Renshaw was a sexually violent predator as defined in Section 841.003 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003. As a result, the trial court issued a final judgment in which it adjudged Renshaw a sexually violent predator and civilly committed him, in accordance with Section 841.081 of the Texas Health and Safety Code, for treatment and supervision, to begin upon Renshaw's release from prison. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.081. The statute provides for appeal from an order determining status as a sexually violent predator, and Renshaw appealed that order to this Court. *See In re Commitment of Renshaw*, 598 S.W.3d 303 (Tex. App.—Texarkana 2020, no pet.) (affirming sexually violent predator finding).

Renshaw filed an "unauthorized petition for release" from the trial court's civil commitment order on February 14, 2022. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.122. On March 28, 2022, the trial court denied Renshaw's petition as frivolous. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.123(c). In this appeal of the trial court's order denying Renshaw's petition, the State has filed a motion to dismiss on the basis that the trial court's order is an interlocutory, unappealable order and that, as a result, this Court lacks jurisdiction to entertain Renshaw's appeal. Renshaw has filed a response to the State's motion, claiming that the trial court's order is a final, appealable judgment. Because we find that the trial court's order denying Renshaw's unauthorized petition for release is interlocutory and unappealable, we conclude that we do not have jurisdiction over this appeal.

Two appellate courts have addressed the issue of whether an order denying an unauthorized petition for release is subject to appellate review. The Beaumont court has ruled that an order denying an unauthorized petition for release is a final, appealable judgment. *In re Commitment of Keen*, 462 S.W.3d 524, 526 (Tex. App.—Beaumont 2015, no pet.). In that case, Keen filed an unauthorized petition for release after his civil commitment as a sexually violent predator. *Id.* at 525. In finding that the trial court's denial of Keen's petition was appealable, the court reasoned that "[t]he denial of Keen's unauthorized petition concluded a discrete phase of the SVP proceeding" and that "the sole issue before the trial court was whether Keen demonstrated grounds for release." *Id.* at 526. Further, "[t]here were no parties before the trial court other than Keen and the State," and "[b]ecause the trial court's order disposed of all pending claims and parties presented by Keen's unauthorized petition for release, there was nothing left for the trial court to resolve with respect to Keen's petition." *Id.* (citing *Am. Gen. Fire & Cas. Co. v. Vandewater*, 907 S.W.2d 491, 493 (Tex. 1995) (per curiam) ("Since the trial court judgment disposed of all parties and the one issue that was before it, it is a final judgment which may be reviewed on appeal.")). As a result of those circumstances, the court held that the trial court's order denying Keen's unauthorized petition for release was a final, appealable judgment. *Id.*

The Houston First Court of Appeals arrived at a different conclusion in *In re Commitment of Dunsmore*, No. 01-18-00183-CV, 2019 WL 2180446, at *2 (Tex. App.—Houston [1st Dist.] May 21, 2019, no pet.) (per curiam) (mem. op.). The facts of *Dunsmore* are much the same as in *Keen*. Dunsmore filed an unauthorized petition for release following his civil commitment as a

3

sexually violent predator. As in *Keen*, Dunsmore appealed the trial court's order denying his petition. *Id.* at *1. The *Dunsmore* court rejected the reasoning utilized in *Keen*, stating that "[a] determination that a ruling is a final judgment because it concludes a 'discrete phase' is a unique exception to the 'one final judgment rule' that has been applied in probate and guardianship cases to permit appeals of discrete issues." *Id.* at *2. That exception, the court explained, was necessary in probate and guardianship cases "because of the need to 'review controlling, intermediate decisions before an error can harm later phases of the proceeding.'" *Id.* (quoting *In re Guardianship of Miller*, 299 S.W.3d 179, 184 (Tex. App.—Dallas 2009, no pet.)). Further, *Dunsmore* recognized that "*Keen* appears to be the only case to extend this exception to an order concerning a sexually violent predator" and that "the *Keen* court [did] so without explanation or authority." *Id.* As a result, the *Dunsmore* court declined to follow the *Keen* holding. *Id.*

Its rejection of the *Keen* holding did not, however, form the basis of the court's conclusion that the order denying Dunsmore's petition was an unappealable, interlocutory order. In arriving at that conclusion, the court analyzed the statute. In doing so, it observed that, while "the statute provides for appeal of the initial commitment order,[1] . . . it does not provide for appeal from an order denying a petition for unauthorized release."[2] *Id.* The *Dunsmore* court

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 841.062(a) (Supp.).

[2]Even so, the statute protects the right of a committed person to receive regular status reviews. A person who is civilly committed under Chapter 841 is entitled to a biennial examination. In preparation for judicial review under Section 841.102, the report of a biennial examination "must include consideration of whether to modify a requirement imposed on the person under this chapter and whether to release the person from all requirements imposed on the person under this chapter." TEX. HEALTH & SAFETY CODE ANN. §§ 841.101–.102. If the court determines, when conducting the biennial review, that "probable cause exists to believe that the person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence," the matter must be set for a hearing. TEX. HEALTH & SAFETY CODE ANN. § 841.102(c)(2). In a hearing conducted under Section 841.102(c)(2), the burden is on "the state to prove beyond a reasonable doubt that the

4

concluded that the statute's absence of the right to appeal the denial of an unauthorized petition was significant, stating, "If the statute grants a remedy in one part but omits one elsewhere, that may be exactly what the Legislature intended[,] and we should honor that difference." *Id.* (citing *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 84 (Tex. 2004)). The court also rejected Keen's extension of the final judgment exception. The court observed,

> Moreover, other indications of finality are not present. Dunsmore remains civilly committed as a sexually violent predator and the trial court retains continuing jurisdiction as long as the commitment order remains in effect. *See Adams*, 408 S.W.3d at 908.[3] The order contains no language indicating the trial court's intent for this to be a final judgment. *See Cortez*, 405 S.W.3d at 932[4] (holding modification order to be interlocutory because appellant remained committed, trial court retained continuing jurisdiction, and order lacked severance or finality language).

*Id.* at *2. The trial court's order in this case states, in relevant part,

> At this time, the court finds this petition to be frivolous. Because TIMOTHY RENSHAW has only recently entered into the court ordered and statutorily-mandated supervision and treatment [sic] program, the court is unable to state that probable cause exists to believe that TIMOTHY RENSHAW'S behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual [violence].

The trial court retains jurisdiction, there is no severance, and there are no other indicia of finality in the order. Accordingly, we conclude that the order denying Renshaw's unauthorized petition for release is an unappealable, interlocutory order. *Cf.* TEX. CIV. PRAC. & REM. CODE ANN.

---

person's behavioral abnormality has not changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE ANN. § 841.103(c). In addition to filing an unauthorized petition for release, a person may also file an authorized petition for release if "the office determines that the committed person's behavioral abnormality has changed to the extent that the person is no longer likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE ANN. § 841.121(a).

[3]*In re Commitment of Adams*, 408 S.W.3d 906, 908 (Tex. App.—Beaumont 2013, no pet.).

[4]*In re Commitment of Cortez*, 405 S.W.3d 929, 932 (Tex. App.—Beaumont 2013, no pet.).

§ 51.014 (enumerating specific interlocutory orders—not including orders denying unauthorized petitions for release—from which appeals may be taken).

We, therefore, dismiss this appeal for want of jurisdiction.


                                        Scott E. Stevens
                                        Justice

Date Submitted:     June 8, 2022
Date Decided:       June 9, 2022