In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00303-CV

_____

IN RE COMMITMENT OF LONNIE KADE WELSH

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 15-01-00659-CV

OPINION

The Texas statute authorizing the State to civilly commit sexually violent predators (the SVP statute) gives individuals committed to treatment the right to file an unauthorized petition for release "on a person's commitment and annually after that commitment."[1] Yet

---

[1]Tex. Health & Safety Code Ann. § 841.122 ("On a person's commitment and annually after that commitment, the office shall provide the person with written notice of the person's right to file with the court and without the office's authorization a petition for release.").

1

Subchapter G of the SVP statue, which includes the provisions of the statute addressing unauthorized petitions for release, is silent on whether a party may appeal from a ruling made by a lower court on an unauthorized petition for release filed under Subchapter G, Chapter 841.[2] Sitting en banc, we must decide whether we have jurisdiction over Welsh's appeal. And to resolve that question, we must decide (1) whether the trial court's order denying Welsh's petition is final or otherwise appealable and (2) whether an opinion this Court issued seven years ago holding that an order denying an unauthorized petition for release is appealable should be overruled.[3]

Background

In 2015, the trial court signed a final judgment and order committing Lonnie Kade Welsh to treatment and supervision as a sexually violent predator.[4] Around five years after the trial court committed Welsh for treatment, Welsh filed an unauthorized petition for

---

[2]*Id.* §§ 841.121-.124 (Subchapter G, Petition for Release).

[3]*In re Commitment of Keen*, 462 S.W.3d 524, 526 (Tex. App.—Beaumont 2015, no pet.).

[4]*See In re Commitment of Welsh*, No. 09-15-00498-CV, 2016 WL 4483165 (Tex. App.—Beaumont Aug. 25, 2016, pet. denied) (mem. op.); *see also* Tex. Health & Safety Code Ann. §§ 841.001-.153.

release. In response to Welsh's unauthorized petition, the State argued that the records relevant to Welsh's treatment show that he had not yet progressed to the point that his behavioral abnormality had changed such that he was no longer likely to engage in a predatory act of sexual violence. In July 2021, the trial court denied Welsh's unauthorized petition for release.[5] The order the trial court signed recites that based on the pleadings and evidence in the file, the trial court found Welsh's petition frivolous. The order also states that probable cause does not exist to believe that Welsh's behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence. After the trial court signed the order, Welsh filed a notice of appeal.

On appeal, the State argues this Court lacks appellate jurisdiction over Welsh's appeal for two reasons: (1) the order denying Welsh's petition is not a final judgment from which an appeal is authorized by law; and (2) nothing in the SVP statute authorizes appellate courts to

---

[5]*See* Tex. Health & Safety Code Ann. § 841.123(c) (The judge shall deny without a hearing a petition for release filed without the authorization of the Texas Civil Commitment Office "if the petition is frivolous" or "the petitioner's behavioral abnormality has not changed to the extent that the petition is no longer likely to engage in a predatory act of sexual violence.").

3

entertain interlocutory appeals from rulings by trial courts in proceedings conducted under Subchapter G, Chapter 841, the subchapter that addresses unauthorized petitions for release. Welsh responds by pointing to this Court's ruling seven years ago in *In re Commitment of Keen* holding that rulings on unauthorized petitions for release are appealable. Welsh argues this Court is bound by its holding in *Keen*.[6]

## Analysis

In civil cases, the legislature limits an appellate court's general jurisdiction to appeals from final judgments of the district and county courts in the appellate court's district.[7] Otherwise, appellate review of a trial court's interlocutory order must be authorized by a specific statute.[8] "Most post-judgment orders made to carry into effect or enforce a judgment are not appealable because these orders are not themselves a final judgment or an order for which an appeal is statutorily authorized."[9]

---

[6]*Keen*, 462 S.W.3d at 526.
[7]*See* Tex. Gov't Code Ann. § 22.220(a); Tex. Civ. Prac. & Rem. Code Ann. § 51.012.
[8]*See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 729 (Tex. 2019); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014.
[9]*Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.*, 597 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

Courts apply an exception to the one final judgment rule for probate and guardianship cases because multiple final judgments may be rendered on discrete issues in the proceedings that are considered as final for purposes of whether appellate jurisdiction exists over the judgment in the appeal.[10] The exception exists because probate proceedings consist of a continuing series of events and intermediate decisions may harm later phases of the proceedings.[11] Thus, an order disposing of all issues and all parties in a particular phase of the proceeding is final and appealable even when the proceeding remains pending on other issues.[12] An appeal may be taken if there is an express statute allowing an appeal or upon the conclusion of a discrete phase of the proceeding.[13]

Welsh points to *Keen*, an appeal the Court decided in 2015, to support his argument that we have jurisdiction over his appeal from an order denying his unauthorized petition for release.[14] In *Keen*, a psychologist had prepared a report in which he concluded that Keen no

---

[10]*In re Guardianship of Jones*, 629 S.W.3d 921, 925 (Tex. 2021).
[11]*In re Estate of Davidson*, 153 S.W.3d 301, 304 (Tex. App.—Beaumont 2004, pet. denied).
[12]*Jones*, 629 S.W.3d at 925.
[13]*Id.*; *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995).
[14]*Keen*, 462 S.W.3d at 524.

longer suffered from a behavioral abnormality that made him likely to engage in a predatory act of sexual violence. Yet the agency then in charge of administering SVP commitments, the Office of Violent Sex Offender Management, asked the trial court to require Keen to remain in the civil commitment program and continue in the program under his existing restrictions.[15] Even though Keen filed a report from an expert to support his petition who suggested that Keen no longer represented a significant risk of reoffending, the trial court denied Keen's petition without conducting an evidentiary hearing, finding Keen's petition frivolous.[16] In deciding that Keen could appeal, we noted the general rule that appeals are available only from final judgments, but we reasoned that the trial court's order on Keen's petition ended a discrete phase of the SVP proceeding—the unauthorized petition for release phase—because it disposed of the claims raised in his petition for release.[17]

To be sure, when Keen was initially committed in May 2002 as a sexually violent predator, Keen could have appealed from the judgment

[15]*Id.* at 527.
[16]*Id.*
[17]*Id.* at 526.

committing him as a sexually violent predator, but did not do so.[18] And when Keen later filed an unauthorized petition and appealed from the trial court's ruling denying his unauthorized petition for release, the law was unclear about whether the legislature intended rulings on unauthorized petitions to function as final judgments as to the issues the petitioners raised in their unauthorized petitions. Although raised in a case involving the enforcement of a judgment in a dispute addressing the division of some property, the Texas Supreme Court clarified the effect of post-judgment orders on earlier judgments in a decision it issued in 2018.[19] In that opinion, *McFadin v. Broadway Coffeehouse, LLC*, the Texas Supreme Court explained that "when a final judgment exists, a subsequent order that has no effect except to enforce provisions of the judgment does not qualify as another final judgment subject to appeal."[20]

In SVP cases, an order denying a petitioner's unauthorized petition for release imposes no obligation beyond the obligations the trial court

---

[18]Tex. Civ. Prac. & Rem. Code Ann. § 41.012 (allowing a person to appeal from a final judgment); *Keen*, 462 S.W.3d at 525.

[19]*McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 281, 284 (Tex. 2018).

[20]*Id.* at 284.

7

imposed on the petitioner in its original judgment and order of civil commitment. In an unauthorized petition for release, the petitioner is seeking his or her release from the obligations imposed by a final judgment, a final judgment that controls the conditions that apply to the individual's civil commitment as a sexually violent predator. And when the trial court considered Keen's petition for release, it determined probable cause did not exist to show that his behavioral abnormality had changed, decisions that left the final judgment and order of civil commitment the trial court signed in 2002 in Keen's case intact. Now with the benefit of *McFadin*, we can see that Keen's unauthorized petition for release had no effect on the trial court's earlier final judgment, so the order denying the unauthorized petition did not "qualify as another final judgment subject to appeal."[21]

Considering anew whether an order denying an unauthorized petition for release is a final and appealable judgment, we conclude we exercised appellate jurisdiction over Keen's appeal in error. In contemplating whether *Keen* should be overruled or followed under

[21]*Id.*

8

principles of stare decisis, we consider whether doing so would serve the purposes of legitimacy, efficiency, and fairness. As applied here, that means serving what the legislature likely intended in the SVP statute, providing stability in precedent about what is appealable under the SVP statute, and whether the interpretation we have placed on the provision is fair based on statutory principles of construction.[22]

Turning first to the question of legitimacy, we look to the text of the SVP statute and the section addressing unauthorized petitions for release. We note the section addressing unauthorized petitions does not include an appeal from the ruling the trial court makes on the petition.[23] And while the legislature did provide for appeals for around fifteen types of interlocutory orders, the provisions that create appellate jurisdiction over these interlocutory orders have no application to orders signed by trial courts under Chapter 841.[24]

---

[22]*Mitschke v. Borromeo*, No. 21-0326, 2022 WL 1510317, at *9-12 (Tex. May 13, 2022) (not yet reported).

[23]*See* Tex. Health & Safety Code Ann. § 841.124.

[24]Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (authorizing appeals from fifteen separate types of interlocutory orders).

Turning next to the issue of efficiency, the opinion we issued in *Keen* has created a split in the intermediate courts of appeal on the question of whether rulings by trial courts on Chapter 841 petitions for release are appealable.[25] In 2019, the First Court of Appeals held that the ruling was interlocutory and since it was not a ruling from a final judgment was unappealable.[26] In 2022, the Sixth Court of Appeals agreed with *Dunsmore* and concluded the trial court's ruling denying the petitioner's "unauthorized petition for release is an unappealable, interlocutory order."[27] Thus, rather than create certainty, invoking stare decisis and continuing to follow *Keen* would perpetuate a split of authority among the Courts of Appeals and would not promote efficiency or legitimacy. And as to stability, no courts have followed *Keen*.

Turning last to the question of fairness, we note that Welsh could seek mandamus relief if he filed and proved in a petition for mandamus that the trial court abused its discretion in denying his unauthorized

---

[25]*In re Commitment of Renshaw*, No. 06-22-00034-CV, 2022 WL 2069224, at *2 (Tex. App.—Texarkana June 9, 2022, no pet. h.) (mem. op.); *In re Commitment of Dunsmore*, No. 01-18-00183-CV, 2019 WL 2180446, at *2 (Tex. App.—Houston [1st Dist.] May 21, 2019, no pet.).

[26]*In re Commitment of Dunsmore*, 2019 WL 2180446, at *2.

[27]*In re Commitment of Renshaw*, 2022 WL 2069224, at *2.

petition by finding it frivolous.[28] But the case before us here is an appeal and not a petition for mandamus, so the question we must decide is whether we have appellate jurisdiction over Welsh's appeal since he is not seeking mandamus relief. In addressing fairness, we also note that among the procedural remedies the legislature provided individuals who have been committed for treatment, the civil commitment statute requires courts to conduct a biennial review of sexually violent predator commitment cases under the procedures in Subchapter F, Chapter 841.[29] The biennial review procedure in Subchapter F requires that a trial court set a hearing on an individual's case should the trial court determine in the biennial review hearing one of two things: (1) the requirements that have been imposed on the person who has been committed to treatment should be modified; or (2) "probable cause exists to believe that the

[28]*See generally CMH Homes v. Perez*, 340 S.W.3d 444, 452–54 (Tex. 2011) (holding that under appropriate circumstances, an interlocutory trial court order may be reviewed by mandamus); *In re Richards*, No. 09-14-00243-CV, 2014 WL 3697027, at *1 (Tex. App.—Beaumont July 24, 2014, orig. proceeding [mand. denied]) (mem. op.) (considering mandamus challenge to an order denying an evidentiary hearing in a Subchapter F biennial review proceeding).

[29]*See* Tex. Health & Safety Code Ann. §§ 841.101-.103 (Subchapter F, requiring the review of the individual's commitment as a sexually violent predator on a biennial basis.).

11

person's behavioral abnormality has changed to the extent the person is no longer likely to engage in a predatory act of sexual violence."[30]

Finally, we have rejected the right of an SVP to file successive appeals beyond the initial appeal available from the judgment of commitment when deciding whether the Court could exercise appellate jurisdiction over the trial court's order denying the SVP's request for a hearing in a post-judgment procedure known as a biennial review.[31] In deciding we did not have jurisdiction to hear that appeal, we observed

> the SVP statute provides several avenues for judicial review where a sexually violent predator has been committed to long-term supervision and treatment. The right of appeal is expressly granted in section 841.062(a) following the original determination of predator status; in addition, the constitutional protections that apply to the initial commitment proceeding attach if the trial court finds probable cause and conducts an adversarial hearing contemplated by section 841.103(c).[32]

Simply put, individuals committed to treatment as sexually violent predators have several avenues of procedural due process, and that

---

[30]*Id.* § 841.102(c).

[31]*In re Commitment of Richards*, 395 S.W.3d 905, 910 (Tex. App.—Beaumont 2013, pet. denied).

[32]*Id.* (citing Tex. Health & Safety Code Ann. §§ 841.062(a), 841.103(c)).

process includes judicial oversight regarding the necessity and terms of their respective commitments. While the legislature chose not to make each decision of district judges at each stage of these proceedings reviewable in direct appeals, that does not mean the decisions trial court's make in these post-judgment proceedings are beyond review by mandamus. After this Court decided *Richards*, other Courts of Appeals followed *Richards,* agreeing that orders resulting from biennial review hearings are not appealable.[33]

## Conclusion

No statute specifically authorizes a party to appeal from a trial court's ruling denying an unauthorized petition for release. Given our conclusion that the trial court's order denying Welsh's petition does not function as a final judgment, we conclude we lack appellate jurisdiction over Welsh's appeal. And because our conclusion in Welsh that appellate jurisdiction does exist conflicts with our ruling in *Keen*, we overrule *In re Commitment of Keen* so the law in the Ninth Appellate District aligns

---

[33] *In re Commitment of Dunsmore*, No. 01-21-00151-CV, 2022 WL 904441, at *1 (Tex. App.—Houston [1st Dist.] Mar. 29, 2022, no pet.); *In re Commitment of Black*, 594 S.W.3d 590, 593 (Tex. App.—San Antonio 2019, no pet.).

with the other Appellate Districts in Texas.[34] For the reasons explained above, Welsh's appeal is dismissed without reference to the merits of the appeal.

APPEAL DISMISSED.

Per Curiam

Submitted on July 8, 2022
Opinion Delivered July 28, 2022

En banc

---

[34] *See Keen*, 462 S.W.3d at 525.