# NO. 12-22-00088-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | *APPEAL FROM THE 435TH* |
| *COMMITMENT OF* | § | *JUDICIAL DISTRICT COURT* |
| *THOMAS RAY PILGRIM* | § | *MONTGOMERY COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

Thomas Ray Pilgrim appeals the trial court's denial of his unauthorized petition for release from civil commitment or in the alternative for less restrictive housing and supervision. He presents four issues on appeal. We dismiss for want of jurisdiction.

### BACKGROUND

Pilgrim was civilly committed for sex offender treatment as a sexually violent predator.[1] In January 2022, he filed an unauthorized petition for release. He further asked, in the alternative, for less restrictive housing and supervision. The trial court denied Pilgrim's petition without a hearing, finding that the petition is frivolous and that Pilgrim's behavioral abnormality has not changed to the extent he is no longer likely to engage in a predatory act of sexual violence. The trial court further found that the petition for less restrictive housing and supervision is not in Pilgrim's best interest and that conditions cannot be imposed that would adequately protect the community. This appeal followed.

---

[1] *See* **In re Commitment of Pilgrim**, No. 09-14-00528-CV, 2015 WL 3897877 (Tex. App.—Beaumont June 25, 2015, no pet.) (mem. op.).

## ISSUES PRESENTED

In his first issue, Pilgrim urges the trial court abused its discretion in finding his unauthorized petition frivolous. In his second issue, he contends the trial court abused its discretion in denying the unauthorized petition. In his third issue, Pilgrim asserts the trial court abused its discretion when it denied his request for less restrictive housing and supervision. And in his fourth issue, he argues that subsections (c)(2)(B) and (d) of Texas Health and Safety Code Section 841.123 are unconstitutional.

## JURISDICTION

We begin by addressing the State's argument that the appeal should be dismissed for want of jurisdiction because the order denying Pilgrim's unauthorized petition is an interlocutory order and is therefore unappealable. This appeal originated in the Ninth Court of Appeals and was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). As a result, we are bound by the Ninth Court's precedent. *See* TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, No. 21-0326, 2022 WL 1510317, at*4 (Tex. May 13, 2022). The Ninth Court previously held that an order denying an unauthorized petition is a final, appealable order. *In re Commitment of Keen*, 462 S.W.3d 524, 526 (Tex. App.—Beaumont 2015, no pet.). However, the Ninth Court issued a new opinion on July 28, 2022 overruling *Keen. See In re Commitment of Welsh*, No. 09-21-00303-CV, slip op. at 8, 13 (Tex. App.—Beaumont July 28, 2022, no pet. h.) (per curiam), *available at* https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=2082e6fc-0e63-4cb2-be16-23ef6c8698e7&coa=coa09&DT=Opinion&MediaID=1977f0b9-e051-49b0-a5b1-f01e0c9ef0cb.

Moreover, the Ninth Court has held that an order denying a request for less restrictive housing and supervision is not a final, appealable order. *In re Commitment of Pilgrim*, No. 09-20-00265-CV, 2020 WL 7392894, at *1 (Tex. App.—Beaumont Dec. 17, 2020, no pet.) (mem. op., per curiam). Because we must follow the Ninth Court's precedent, we hold that we lack jurisdiction over both the denial of the unauthorized petition and the denial of Appellant's request for less restrictive housing and supervision.

## **DISPOSITION**

Having determined we lack jurisdiction over Pilgrim's appeal, we ***dismiss*** the appeal ***for want of jurisdiction.***

Opinion delivered July 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2022**

**NO. 12-22-00088-CV**

**IN RE: COMMITMENT OF THOMAS RAY PILGRIM**

---

Appeal from the 435th District Court

of Montgomery County, Texas (Tr.Ct.No. 14-05-04994-CV)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*