

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00079-CV
_____

IN RE THE COMMITMENT OF TIMOTHY DANIEL RENSHAW

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Opinion by Chief Justice Stevens

# OPINION

## I. Background

After a jury determined that Timothy Renshaw was a sexually violent predator as defined in Section 841.003 of the Texas Health and Safety Code, the trial court entered a judgment on the jury's verdict and committed Renshaw for treatment and supervision, to begin upon Renshaw's release from prison. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003, 841.081. Renshaw appealed the trial court's judgment. *See In re Commitment of Renshaw*, 598 S.W.3d 303, 306 (Tex. App.—Texarkana 2020, no pet.) (affirming sexually violent predator finding). While still in prison, Renshaw filed an "Unauthorized Petition for Release" from civil commitment. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.122.[1] The petition, filed on February 14, 2022, sought Renshaw's immediate release from the trial court's civil commitment order. In its March 28, 2022, order denying Renshaw's petition, the trial court stated that it "considered the Unauthorized Petition for Release and the State's Objection and Response." The trial court's order continued,

> After considering these pleadings, Chapter 841 of the Texas Health and Safety Code, and applicable case law, the court DENIES the Unauthorized Petition for Release because it is frivolous. As a "sexually violent predator," TIMOTHY RENSHAW is civilly committed to a court ordered and statutorily-mandated supervision and treatment program implemented by the Texas Civil Commitment Office. On February 25, 2022, TIMOTHY RENSHAW was released from the Texas Department of Criminal Justice and into this court ordered and statutorily-mandated supervision and treatment program.

---

[1]The statute states, "On a person's commitment and annually after that commitment, the office shall provide the person with written notice of the person's right to file with the court and without the office's authorization a petition for release." TEX. HEALTH & SAFETY CODE ANN. § 841.122.

At this time, the court finds this petition to be frivolous. Because TIMOTHY RENSHAW has only recently entered into the court ordered and statutorily-mandated supervision and treatment program, the court is unable to state that probable cause exists to believe that TIMOTHY RENSHAW'S behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual [sic].

In all things, the Unauthorized Petition for Release is DENIED.

Renshaw then appealed the trial court's order denying his unauthorized petition for release. On appeal, this Court determined that the trial court's "order denying Renshaw's unauthorized petition for release [was] an unappealable, interlocutory order." *In re Commitment of Renshaw*, No. 06-22-00034-CV, 2022 WL 2069224, at *2 (Tex. App.—Texarkana June 9, 2022, pet. denied) (mem. op.).

Next, Renshaw filed a "Petition for Writ of Habeas Corpus" in this Court claiming that his continued confinement was unlawful because his "'behavioral abnormality' ha[d] changed to the extent that [Renshaw was] no longer likely to engage in a predatory act of sexual violence." We dismissed Renshaw's petition for a writ of habeas corpus for want of jurisdiction. *In re Commitment of Renshaw*, 670 S.W.3d 351, 353 (Tex. App.—Texarkana 2022, orig. proceeding) (mem. op.).

Renshaw then filed a petition for a writ of habeas corpus in the Texas Supreme Court, which, on motion for rehearing, was treated as a petition for a writ of mandamus. The court conditionally granted the writ, directing this Court to withdraw our previous opinion and reconsider Renshaw's habeas corpus petition as a petition for a writ of mandamus, as he requested. *In re Commitment of Renshaw*, 672 S.W.3d 426, 427 (Tex. 2023) (per curiam) (orig. proceeding).

3

We, therefore, withdraw our opinion in *In re Commitment of Renshaw*, 670 S.W.3d at 353, and substitute it with this opinion, in which we reconsider Renshaw's habeas corpus petition as a petition for a writ of mandamus.

## II.  Standard of Review

"Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court abused its discretion and (2) the relator lacks an adequate remedy on appeal." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)).  "Mandamus relief is only appropriate when the relator[] [has] established that only one outcome in the trial court was permissible under the law." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding).

For purposes of our analysis, we recognize that Renshaw lacks an adequate appellate remedy.  We, therefore, consider whether Renshaw has established "that only one outcome in the trial court was permissible under the law." *Id.*

## III.  Renshaw is Not Entitled to Mandamus Relief

Section 841.123 of the Texas Health and Safety Code provides for the trial court's review of an unauthorized petition for release, as follows:

> (a)     If the committed person files a petition for release without the office's authorization, the person shall serve the petition on the court, the attorney representing the state, and the office.

> (b)     The judge shall review and issue a ruling on a petition for release filed by the committed person without the office's authorization not later than the 60th day after the date of filing of the petition.

(c)     Except as provided by Subsection (d), the judge shall deny without a hearing a petition for release filed without the office's authorization if:

> (1)     the judge determines by a preponderance of the evidence that the petitioner's behavioral abnormality has not changed to the extent that the petitioner is no longer likely to engage in a predatory act of sexual violence; or

> (2)     the petitioner has filed the petition for release before the 180th day after the date an order was entered under Subchapter D or F or a previous order was entered under this section.

(d)     The judge is not required to deny a petition under Subsection (c)(2) if the judge determines by a preponderance of the evidence that the petitioner's behavioral abnormality has changed to the extent that the petitioner is no longer likely to engage in a predatory act of sexual violence.

TEX. HEALTH & SAFETY CODE ANN. § 841.123. In the event the trial court does not deny the petition for release, Section 841.134 provides that "the judge shall conduct a hearing on the petition not later than the 60th day after the date of filing of the petition." TEX. HEALTH & SAFETY CODE ANN. § 841.124.[2]

In this case, Renshaw filed his petition for unauthorized release before he was released from prison to a supervision and treatment program.[3] At the time of the trial court's ruling, Renshaw had only been admitted to the supervision and treatment program for a little over one month. The program to which Renshaw was admitted was "a tiered program for the supervision and treatment of a committed person" designed to "provide for the seamless transition of a

---

[2]Indeed, "[s]everal procedural mechanisms exist to release a person from an order of civil commitment, but each requires a factual finding that the person's behavioral abnormality has changed to the extent that he is no longer likely to engage in a predatory act of sexual violence." *In re Commitment of May*, 500 S.W.3d 515, 527 (Tex. App.—Beaumont 2016, pet. denied).

[3]According to his unauthorized petition for release, which was filed on February 14, 2022, Renshaw was scheduled to be released from the Texas Department of Criminal Justice on February 25, 2022.

committed person from a total confinement facility to less restrictive housing and supervision and eventually to release from civil commitment, based on the person's behavior and progress in treatment." TEX. HEALTH & SAFETY CODE ANN. § 841.0831. Given the short amount of time Renshaw had been in the program, the trial court was unable to state that there was probable cause to believe Renshaw's behavioral abnormality had changed to the extent that he was no longer likely to engage in a predatory act of sexual violence. The trial court, therefore, denied the petition as frivolous.

We cannot conclude, under these facts, "that only one outcome in the trial court was permissible under the law."[4] *In re Murrin Bros.*, 603 S.W.3d at 56.

## IV. Conclusion

After having fully considered the petition for a writ of mandamus, Renshaw's supplemental brief, and the applicable law, the Court is of the opinion that the mandamus petition should be denied.

---

[4]Renshaw cites *In re Commitment of Keen*, 462 S.W.3d 524 (Tex. App.—Beaumont 2015), in support of his claim that the trial court employed an incorrect standard. *Keen* has since been overruled by *In re Commitment of Welsh*, 661 S.W.3d 861 (Tex. App.—Beaumont 2022, pet. denied) (en banc) (per curiam).

We, therefore, (1) withdraw our opinion in *In re Commitment of Renshaw*, 670 S.W.3d 351 (Tex. App.—Texarkana 2022, orig. proceeding) (mem. op.), (2) substitute this opinion in its place, and (3) deny Renshaw's petition for a writ of mandamus.

Scott E. Stevens
Chief Justice

Date Submitted:     October 27, 2023
Date Decided:       October 30, 2023