In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00022-CV
_____

IN RE JONATHAN IRVING HITT

_____

Original Proceeding
435th District Court of Montgomery County, Texas
Trial Cause No. 09-10-09978-CV

_____

**MEMORANDUM OPINION**

Jonathan Irving Hitt ("Hitt"), who is civilly committed to treatment as a sexually violent predator, filed a Notice of Appeal requesting relief from an order dated January 10, 2022, signed by the 435th District Judge of Montgomery County, Texas.[1] In the January 2022 order, the judge denied Hitt's First Amended Unauthorized Petition for Release, stating that Hitt's biennial review showed that

---

[1] Hitt was found to be a sexually violent predator following a trial in a civil commitment proceeding in April 2010. *See In re Commitment of Hitt*, No. 09-10-00295-CV, 2011 WL 5988024 (Tex. App.—Beaumont Dec.1, 2011 pet. denied) (mem. op.).

1

"although progress was being made, the court did not find that Petitioner's behavioral abnormality had changed to the extent that he was no longer likely to engage in a predatory act of sexual violence." Hitt had argued that he "no longer has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence" and, as such, should be released "from the custody and supervision of the Texas Civil Commitment Office." The order stated that Hitt asserts the same argument as was "considered and rejected" in his biennial review.[2] Hitt subsequently filed a Notice of Appeal. In his initial brief to this Court, Hitt argued his unauthorized petition for release was not frivolous, when coupled with the uncontroverted expert report stating that he no longer suffers from a behavioral abnormality. Hitt argues that this court's opinion in *Keen* provides a legal and factual basis for his relief sought.[3] In November 2022, following this Court's opinion in *Welsh*, Hitt filed a supplemental brief agreeing that this Court lacks jurisdiction to hear this case as an original Petition for Review, but requested his petition be converted to a petition for writ of mandamus.[4] Hitt argues in his supplemental brief that the trial court abused

---

[2] *See* Tex. Health & Safety Code Ann. § 841.123(b) (requiring the trial court to review and issue a ruling on a sexually violent predator's unauthorized petition for release).

[3] *In re Commitment of Keen*, 462 S.W.3d 524 (Tex. App.—Beaumont 2015, no pet.), *overruled by In re Commitment of Welsh*, 661 S.W.3d 861, 867 (Tex. App—Beaumont 2022, pet. denied). This Court overruled *Keen* after Hitt filed his brief.

[4] *In re Commitment of Welsh*, 661 S.W.3d 861, 866 (Tex. App—Beaumont 2022, pet. denied) ("No statute specifically authorizes a party to appeal from a trial court's ruling denying an unauthorized petition for release." But explaining that the

2

its discretion by denying his relief in light of a favorable expert report and the expert's opinion that Hitt "no longer meets the legal standard of having a behavioral abnormality[.]" As Hitt's issues have not changed in his original brief and supplemental brief, and considering our opinion in *Welsh*, and the Supreme Court of Texas's directive in *CMH Homes v. Perez*, we will grant Hitt's request to consider his petition as a petition for writ of mandamus. *See In re Commitment of Welsh*, 661 S.W.3d 861 (Tex. App—Beaumont 2022, pet. denied); *CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex 2011) (explaining the appellant "invoked the court of appeals' appellate jurisdiction by specifically requesting that its appeal be treated as a mandamus petition."); *In re Commitment of Renshaw*, 672 S.W.3d 426, 427-28 (Tex. 2023) (citing *CMH Homes* to direct the court of appeals to consider the appellant's habeas corpus as a petition for writ of mandamus); *In re Commitment of Black,* 594 S.W.3d 590, 594 (Tex. App.—San Antonio 2019, no pet.).

**Standard of Review**

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial

---

petitioner could seek mandamus relief that the trial court abused its discretion by denying his unauthorized petition as frivolous).

3

court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Walker,* 827 S.W.2d at 839. A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or applying it to the facts. *See In re Prudential*, 148 S.W.3d at 135.

## Unauthorized Petition for Release

Hitt is not entitled to mandamus relief. As elaborated on below, the trial court, when ruling on Hitt's unauthorized petition for release, did not abuse its discretion by concluding that the psychologist's report Hitt filed with his unauthorized petition for release, in conjunction with its review of Hitt's case, failed to raise an issue of material fact as to whether Hitt is no longer likely to engage in a predatory act of sexual violence.

The report Hitt attached to both his unauthorized petition for release and his petition for mandamus was prepared by Dr. Baron Crespo, a chief psychologist of the Modern Psychological Network, whom the Texas Civil Commitment Office (TCCO) retained for Hitt's Biennial Examination Review. The report provides that Crespo graduated with M.S. and Psy.D. in Clinical Psychology and a post doctorate in Clinical Psychopharmacology. The report states that Crespo is licensed to practice in Alabama, Texas, and Wisconsin, and Crespo is certified as a Sex Offender Treatment Provider and the Association of State and Provincial Psychology Boards.

4

The report notes that Hitt was seen for a biennial examination on June 1, 2021, and that Hitt consented to the examination. Crespo's report states that Hitt was found to be a sexually violent predator, and the report notes that Hitt was civilly committed in 2010. Crespo states he conducted a one-hour, in-person, interview with Hitt, reviewed Hitt's TCCO's records and file, including previous biennial reviews, polygraphs and a current penile plethysmograph. The report then states that Crespo weighed Hitt's risk and protective factors. As to Crespo's observations, his report states:

> Here, Examinee does not meet the standard of for civil commitment under Texas Health and Safety Code, Title 11, Chapter §841 because he no longer has an increased risk to commit a sexually violent offense, because:
>
> - Emotionally, over the last five years, Examinee made meaningful treatment progress and reached Tier Levcl-4. Examinee's levels of psychopathy was low during this evaluation. He showed no symptoms of psychosis, severe depression, severe anxiety or substance abuse. Examinee's mental status was normal, and his mental health has been stable.
>
> - Behaviorally, Examinee showed no history of impulsivity, no serious institutional rule violations, or sexual acting out.
>
> - Cognitively, Examinee showed no deception in the last polygraphs which examined criminal issues, supervision issues, & sexual treatment issues. Examinee's best estimate of intelligence was average, and he showed no issues with cognitive problem-solving skills.
>
> - Sexually, Examinee's risk to sexually reoffend was deemed average during this evaluation. Examinee's dynamic needs were on the low

5

end of moderate. Examinee showed no sexual deviant responses in the last two penile plethysmographs (PPG).

- Socially, Examinee has approved collateral contacts and social support by family in the community. He is current on his cost recovery fees. He had no history of inappropriate behaviors in the last five years, neither with staff nor residents. (emphasis original)

The entire analysis Crespo included in his report states:

Therefore, based upon my six-stage methodology described above, I can state with a reasonable degree of scientific certainty that **Examinee's probability to commit a sexually violent offense has decreased to the extent that he no longer meets the legal standard of having a behavioral abnormality**. (emphasis original)

The report from Kristina Luera, M.A., which was prepared for Hitt's biennial review and is dated June 23, 2021, and which would be in the records Crespo says he reviewed, notes that Hitt was initially assessed at level 4, then was demoted to level 2, then he progressed to level 3, then he progressed to level 4, then he was demoted from level 4 to level 2, then he progressed back to level 3 before being assessed again at level 4. So, the records show his assessment levels have gone up and down over the years. And, other than the report from Crespo, all other professionals have opined that Hitt still suffers from a behavioral abnormality as defined under applicable Texas law.

Additionally, the mandamus record shows that the trial court signed a biennial review order on August 25, 2021, in which the same expert report was reviewed. *See* Tex. Health & Safety Code Ann. §§ 841.101-.102. In its order denying Hitt's

6

unauthorized petition for release, the trial court found, "[t]he Court has reviewed the file and been advised that JONATHAN IRVING HITT is making some progress in behavior modification. However, there is no evidence submitted to the Court to date to suggest that sex offender treatment of JONATHAN IRVING HITT has resulted in his behavioral abnormality having changed to the extent that JONATHAN IRVING HITT is no longer likely to engage in a predatory act of sexual violence." The mandamus record also shows that the trial court signed an order denying Hitt's unauthorized petition for release from civil commitment. *See* Tex. Health & Safety Code Ann. § 841.123.

The trial court did not abuse its discretion by denying Hitt's motion. As this Court has held previously, the expert's report and opinion are to "*aid*" in the assessment of Hitt's civil commitment. *See In re Commitment of Alvarado*, No. 09-13-00217-CV, 2014 WL 1285136, at **2-3, (Tex. App.—Beaumont Mar. 27, 2014, pet. denied) (mem. op.); *see also* Tex. Health & Safety Code Ann. § 841.023(a) (The plain language of the statute states that "[t]o aid in the assessment, the department shall use an expert to examine the person[,]" and "[t]he expert shall make a clinical assessment ... to aid the department in its assessment."). The expert report is not dispositive. We cannot say that the trial court abused its discretion when it denied Hitt's motion. *Id*.

A writ of mandamus may issue against a district judge to compel the performance of a ministerial act or duty, or to correct a clear abuse of discretion when no adequate remedy by appeal exists. *In re Prudential*, 148 S.W.3d at 135-36; *Walker*, 827 S.W.2d at 839-40. After reviewing the entire record before us, we conclude that the relator has not shown that he is entitled to the relief sought in his petition for a writ of mandamus. Accordingly, we deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on November 14, 2023
Opinion Delivered March 7, 2024

Before Golemon, C.J., Johnson and Wright, JJ.